(No. 12383.—Reversed and remanded.)

THE CATHOLIC BISHOP OF CHICAGO, Appellee, *vs.* THE VILLAGE OF PALOS PARK, Appellant.

*Opinion filed December 18, 1918—Rehearing denied Feb. 6, 1919.*

1. MUNICIPAL CORPORATIONS—*rule where legislative power is delegated to a municipal corporation in general terms.* Where a legislative power is delegated by the General Assembly to a municipal corporation in general terms it is implied that such power shall be exercised in a reasonable manner, and the courts will protect the citizens of the State against an illegal, unreasonable or oppressive exercise of such power.

2. SAME—*rule where an ordinance is passed under an express power.* Where an ordinance is passed under express power delegated by the General Assembly to enact the particular ordinance, the courts cannot hold the ordinance void for unreasonableness unless the General Assembly itself was without power to authorize its enactment.

3. CONSTITUTIONAL LAW—*there are restrictions on exercise of police power by General Assembly.* There are constitutional restrictions on the exercise of the police power by the General Assembly, and an act which deprives a citizen of his liberty or property rights cannot be sustained under such power unless the public health, comfort, safety or welfare of the people authorizes the enactment of such act.

4. SAME—*delegation of power to municipal corporations to prohibit cemetery within one mile of limits is valid.* The delegation by the General Assembly to municipal corporations of the power to prohibit the establishment of a cemetery within one mile of the corporation is valid and does not violate any constitutional limitation on the exercise of the police power. (*Town of Lake View* v. *Rose Hill Cemetery Co.* 70 Ill. 191, distinguished.)

APPEAL from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

McCULLOCH & McCULLOCH, (ALBERT M. KALES, BERTRAM W. ROSENSTONE, and WEIGHTSTILL WOODS, of counsel,) for appellant.

COBURN & BENTLEY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, the village of Palos Park, is organized under the general act for the incorporation of cities, villages and towns. On May 8, 1917, an ordinance of the village was passed prohibiting the establishment of a cemetery within the corporate limits or within one mile thereof. The appellee, the Catholic Bishop of Chicago, in the exercise of his religious and temporal duty, had sought for a suitable location for a cemetery for the burial of the communicants of churches under his care and decided to purchase a tract of land well adapted for the purpose consisting of about 288 acres and had contracted for 140 acres of the land. The proposed cemetery would be adjacent to the village and the nearest entrance would be about eighty rods from the Palos Park station of the Wabash railroad. The appellee filed his bill in equity in the superior court of Cook county praying the court to declare the ordinance unreasonable and void and to enjoin the village and its officers and employees from interfering with him in the laying out, establishment and maintenance of the cemetery. The bill was answered and the issues referred to a master in chancery, and after the reference a cross-bill was filed by the appellant asking the court to enjoin the appellee from locating the cemetery as contemplated. The master in chancery took the evidence and reported the same with his conclusion that the ordinance was unreasonable and void. The cause was heard on exceptions to the master's report, which were overruled, and the appellant was perpetually enjoined from enforcing the ordinance against the appellee.

The right to provide for the establishment and discontinuance of public cemeteries and to regulate their use is within the control of the General Assembly in the legitimate exercise of the police power. (5 R. C. L. 239.) A municipal corporation has no inherent power to enact police regu-

286 — 26

lations, but such power may be delegated by the General Assembly. Among the powers conferred upon municipalities organized under the general act is the seventy-ninth: ".To establish and regulate cemeteries within or without the corporation, and acquire lands therefor, by purchase or otherwise, and cause cemeteries to be removed, and prohibit their establishment within one mile of the corporation." The ordinance prohibiting the location of a cemetery within one mile of the corporate limits was passed by the village of Palos Park in the exercise of the specific power so granted. If a legislative power is delegated by the General Assembly to municipalities in general terms it is implied that the power shall be reasonably exercised, and citizens will be protected by the courts against an illegal, unreasonable or oppressive exercise of the power. Whether any ordinance is within the power delegated is a question for the courts, and if it is not it will be declared void. Where, however, an ordinance is passed in pursuance of express power granted by the General Assembly it is regarded as an act of the General Assembly itself and cannot be set aside by the courts because they would deem it unreasonable. (*City of Peoria* v. *Calhoun,* 29 Ill. 317; *Block* v. *City of Chicago,* 239 id. 251; *City of Chicago* v. *Ripley,* 249 id. 466; Dillon on Mun. Corp. sec. 262.) What legislation is. reasonable is a question for the General Assembly and not for the courts, and if a legislative act is alleged to be unreasonable the appeal must be to the representatives of the people who are authorized to legislate for them. It is not within the province of the courts to say that any act of the General Assembly is unreasonable and therefore void. Legislative authority delegated by the General Assembly to municipalities respecting cemeteries includes the authority to prohibit their establishment within one mile of the corporation, and power having been expressly given to do that particular thing the courts cannot say that an ordinance passed under such authority is void,

unless the General Assembly could not itself have enacted such a law.

The only limitations upon legislative authority are those imposed by the constitution, and the courts could only declare the ordinance in question void if the General Assembly, in delegating its authority to municipalities, has transgressed some limitation imposed by the people in the fundamental law. There are such limitations upon the exercise of the police power, and an act of the General Assembly which deprives a citizen of his liberty or property rights cannot be sustained under that power unless the public health, comfort, safety or welfare authorizes the enactment. (*Ruhstrat* v. *People,* 185 Ill. 133; *Bailey* v. *People,* 190 id. 28; *Bessette* v. *People,* 193 id. 334; *People* v. *City of Chicago,* 261 id. 16.) If an act assuming to be a police regulation deprives a party of his property without regard to the public morals, health, safety or welfare, when it is manifest that such is not the object and purpose of the regulation, it will be set aside as a clear and direct infringement of the right of property. The burial of the dead is a necessity and a right, and if the General Assembly should enact a law which would destroy that right and prevent the orderly and proper exercise of the right the act would be clearly void as conflicting with the constitutional provisions and not within the police power. Neither the act in question nor the ordinance passed in pursuance of it amounts to an absolute denial of the right to locate, establish or maintain a cemetery, but only authorizes the prohibition of such location and maintenance within one mile of the corporate limits of a municipality. The evidence does not show that there are not many available sites for a cemetery not within one mile of any city or village, although it tends to prove that the proposed site is the most convenient one.

The decision in the case of *Town of Lake View* v. *Rose Hill Cemetery Co.* 70 Ill. 191, does not sustain the claim that this ordinance was void. The Rose Hill Ceme-

tery Company was incorporated by a special act on February 11, 1859, (Private Laws of 1859, p. 29,) with power to acquire, hold and use lands, not exceeding 500 acres, in the town of Lake View for cemetery purposes. The corporation bought certain lands in 1860, and in 1867 the town passed an ordinance fixing the boundaries of the cemetery, and its provisions were re-enacted by the General Assembly in 1869. The decision turned upon the single question stated by the court, whether the restriction imposed upon the corporation as to the use of its lands as authorized by its charter was a proper exercise of the police power of the State. It was held that burial places are indispensable.; that the State could not, under the pretense of making police regulations, repeal the charter of the corporation and revoke its franchise or deprive it of any of the essential rights conferred by its charter. The question was the constitutionality of the act of 1869, and it was held to be an unconstitutional exercise of power because it invaded the rights guaranteed by the constitution and violated the contract created by the charter.

The evidence in this case was that there were 600,000 communicants of the Catholic church in the district to be served by the proposed cemetery; that there was an average of deaths of about forty per day; that it was convenient for the purpose of burials to make use of a railroad; that the Wabash railroad and station were convenient to the proposed site; that it was an available site convenient for the purpose, and that the village of Palos Park was a very small village of about 300 inhabitants and 111 houses. But these facts all went to the reasonableness of the exercise of the power delegated to the village, which, under the authority given, is beyond the legitimate province of the court.

The decree is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*