(No. 13479.—Writ awarded.)

THE PEOPLE *ex rel.* A. M. Shultz *et al.* Relators, *vs.* ANDREW RUSSEL, Auditor of Public Accounts, Respondent.

*Opinion filed October 23, 1920.*

1. MANDAMUS—*when proceeding may be brought originally in the Supreme Court.* The constitution gives original jurisdiction in *mandamus* to the Supreme Court as well as to the circuit courts, but the proceeding in the Supreme Court should be confined to certain classes of cases which involve the performance of high official duties in which no exercise of discretion is allowed.

2. BANKS—*Auditor can exercise no discretion in granting permit to organize bank.* Where a petition to organize a State bank complies with all the statutory requirements the Auditor of Public Accounts is given no discretion in granting or refusing the permit on the ground that the proposed bank is unnecessary or will be injurious to the public interest. (*People* v. *Brady,* 273 Ill. 178, followed.)

3. STATUTES—*courts cannot declare law void because it is unwise.* The wisdom of the enactment of any law is vested in the discretion of the legislature, and courts cannot declare a law invalid because it is unwise or unreasonable.

ORIGINAL petition for *mandamus.*

JARRETT & NEIGER, for relators.

EDWARD J. BRUNDAGE, Attorney General, (NOAH C. BAINUM, and THOS. RINAKER, of counsel,) for respondent.

Mr. JUSTICE STONE delivered the opinion of the court:

Upon leave of court the relators filed herein their original petition for writ of *mandamus* against Andrew Russel, Auditor of Public Accounts, to compel him to issue to the relators a permit to organize a State bank at Shipman, Illinois, as provided in section 2 of "An act to revise the law with relation to banks and banking," approved May 23, 1919. (Laws of 1919, p. 224.) The relators set forth in their petition for *mandamus* a compliance with the formal requirements of the statute and of the rules and regulations of the office of the Auditor of Public Accounts for a permit to organize a State bank and the refusal of the Auditor to grant such permit. The answer of the respondent admits the compliance with the formal requisites of the statute and of the rules of his office but avers that because of the conditions existing in and about the village of Shipman two banks could not successfully do business there. The answer further avers that said village has a population of but 392 persons and that there was already existing and doing business in the village a bank with a capital stock of $25,000 and deposits amounting to $158,000; that because of such conditions one of said banks would be compelled to cease business; that it would create confusion and would not be for the public good in that community to permit the establishment of another bank. The answer further avers that since under section 11 of the Banking act the Auditor would be required to wind up the affairs of the unsuccessful bank, respondent declined to issue such certificate. In other words, respondent by his answer contends that under the Banking law of the State he is vested with discretion in the matter of issuing permits where the question of the public good of a vicinity is involved. It is contended, on the other hand, by the relators that there is no discretion given the Auditor under the Banking act, but that when the statute is complied with regarding the petition for

permit to organize a bank such act makes it mandatory upon respondent to issue such permit.

Section 2, so far as it relates to this question, is as follows: "When any association of persons, not less than three, desire to avail themselves of the provisions of this act, they shall apply to the Auditor for permission to organize stating their place of business, the amount of capital and name under which they desire to organize, and the time for which such association shall continue, which statement shall be under their hands and seals, and acknowledged before some officer authorized by law to acknowledge deeds and the Auditor shall issue to them a permit to organize."

It is first contended by respondent that the petition does not disclose such a case as this court will consider upon original petition. Section 2 of article 6 of the constitution provides that the Supreme Court shall have original jurisdiction in cases in *mandamus*. By section 12 of article 6 thereof circuit courts have likewise concurrent jurisdiction in *mandamus* cases. The framers of the constitution intended to confer upon the Supreme Court original jurisdiction in certain classes of *mandamus* cases, among which are cases compelling the performance of high official duties. (*People* v. *City of Chicago*, 193 Ill. 507.) The matter involved in the petition in the instant case is the discharge of the duties of a high official of the State and is properly brought as an original proceeding in this court. *Mandamus*, however, will not lie to interfere with the exercise by an official of his discretionary powers. (*People* v. *Potts*, 264 Ill. 522; *People* v. *Highway Comrs.* 118 id. 239.) The question, therefore, arising here is whether or not the legislature vested in the Auditor of Public Accounts any discretion with reference to the issuance of the permit to organize a bank.

There is no discretion given the Auditor by the legislature concerning the wisdom of establishing another bank. This section 2 was before this court in *People* v. *Brady*, 273

Ill. 178, where a like petition to organize a bank was filed with the Auditor, who refused to issue such permit, assigning as one of his reasons therefor that local conditions were such as to render additional banking facilities unnecessary and the organization of a new bank injurious to public interest. Concerning that matter this court said: "The second ground alleged for refusal to issue the permit is, that the Auditor is invested with a discretion to determine whether it will be for the public good to permit the organization of a bank in a particular place. The act does not give him any discretion but the legislature has itself fixed the conditions upon which those preparing to organize a bank may obtain a permit." Counsel for respondent contend that this language in the opinion was not necessary to the decision of that case. The point was there specifically raised and the construction there placed upon said section is controlling here.

The fact that under section 11 of the Banking act the Auditor may appoint a receiver and wind up the affairs of a bank when he finds it in such a condition as to be unsafe for depositors has nothing to do with the question of his duties under section 2 of the act to issue the preliminary permit to organize a bank where the provisions of the statute have been complied with. Such duty is mandatory. Whether or not such a law is wise or unwise is a matter with which this court has nothing to do. The wisdom of the enactment of any law is vested in the discretion of the legislature and courts cannot declare the laws invalid because they are unwise or unreasonable. *Catholic Bishop v. Village of Palos Park,* 286 Ill. 400.

The demurrer to the respondent's answer is sustained and the writ awarded.

*Writ awarded.*