(No. 24879.—

THE PEOPLE *ex rel.* Baird and Warner, Inc., *et al.* Appellees, *vs.* HORACE G. LINDHEIMER, County Collector, Appellant.

*Opinion filed February 15, 1939.*

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, and BRENDAN Q. O'BRIEN, of counsel,) for appellant.

ADELBERT BROWN, and MCDONALD & RICHMOND, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The county court of Cook county sustained separate objections of appellees, comprising thirty-seven objectors, to certain excessive tax rates levied for the year 1931, the amounts of which were paid under protest by appellees, and in each case ordered appellant, as county treasurer and *ex officio* county collector, to refund to the objector the excessive amount so paid. Upon the refusal of appellant to make such payments, appellees filed a petition in the circuit court of Cook county for a writ of *mandamus* to compel him to make such payments. An answer was filed and upon the hearing the writ was awarded. The cause is here by appeal from the judgment awarding the writ.

The petition alleges the incumbency of defendant and the name of his predecessor; that petitioners paid the taxes on their properties for the year 1931 under protest, pursuant to the provisions of section 162 of the Revenue act, as amended, (Ill. Rev. Stat. 1937, chap. 120, par. 150,) and filed objections to the excessive rates; that there was a final hearing and a final judgment on each property involved on the dates set out in an attached schedule; that no appeal has been prosecuted therefrom, and that, under the law, it is the duty of defendant to pay the amounts set forth in such judgments, and his refusal so to do. The answer admits defendant's incumbency, and that of his predecessor, denies all other allegations of the petition and

asks that the petition be dismissed. The schedule shows the judgments were entered on January 7 and 14, 1936.

The form of the judgment in each case finds that objector paid the full amount of the 1931 general taxes "and at the same time delivered to said collector a written protest, stating that the tax rates objected to in these objections were illegal and void." The rates objected to and the amount of the void excess is set out in detail, the objections thereto sustained, and the collector ordered to refund the void excess out of the moneys paid under protest.

We first notice the claims that the circuit court had no jurisdiction of the subject matter and of the parties to order a refund of taxes in an action of *mandamus;* that the pleadings and record do not show any statutory authority to enter such an order, or any statutory or administrative duty upon defendant, which are conditions precedent to jurisdiction to enter an order of *mandamus;* that the county court has exclusive jurisdiction to order refunds; that it acquired such jurisdiction by the application of the collector for judgment and had exercised it by entering the refund orders, and has exclusive jurisdiction to enforce compliance, by contempt proceedings or rule to show cause, and that *mandamus* will not lie unless the petitioner shows a clear legal right to the writ.

The claim that the circuit court has no jurisdiction in an action of *mandamus* to order a refund of taxes is based on a false premise. This is not a proceeding to order a refund of taxes. The question of the right to refund had already been adjudicated in the county court, and final judgments were entered ordering appellant to make such refunds. The petition for *mandamus* does not purport to seek an order for a refund, but its sole purpose is to require a compliance with the judgments of the county court.

Section 9 of the Mandamus act of 1874 (Ill. Rev. Stat. 1937, chap. 87, par. 9) provides: "The proceedings for a writ of *mandamus* shall not be dismissed nor the writ de-

nied because the petitioner may have another specific legal remedy, where such writ will afford a proper and sufficient remedy." Under this section the existence of some other special legal remedy is not a bar to relief by *mandamus*. (*People* v. *Sullivan,* 339 Ill. 146; *People* v. *Righeimer,* 306 id. 308.) Cases decided prior to the enactment of section 9 have no application, and inasmuch as we have interpreted our own statute we need not look to the decisions in other jurisdictions.

Circuit courts have original jurisdiction in *mandamus* proceedings. (*People* v. *Russel,* 294 Ill. 283.) *Mandamus* against public officers to compel compliance with a judgment has been frequently employed. (*Board of Supervisors* v. *People,* 226 Ill. 576; *City of Cairo* v. *Everett,* 107 id. 75; *City of Chicago* v. *Sansum,* 87 id. 182.) The payment of a final judgment by an officer bound by such judgment is one of his official duties. He has no discretion in the matter, and *mandamus* will lie to compel such payment. (*People* v. *Rice,* 356 Ill. 373.) The duty of the collector to pay such refunds in accordance with the final orders of the county court is expressly imposed by section 162 of the Revenue act.

The rule is that *mandamus* will not lie unless the petitioner shows a clear legal right to the writ. When such a clear legal right is shown, unless awarding the writ will not operate fairly, or occasion confusion or disorder, or not promote substantial justice, the courts, in the exercise of judicial discretion, may, and ordinarily will, award the writ. (*People* v. *City of Chicago,* 360 Ill. 25.) Whether petitioner showed a clear legal right to the writ and whether the court abused its judicial discretion in awarding it remain to be seen.

Appellant claims the recital in the judgments of the county court that the taxes were paid under protest is not sufficient evidence of a compliance with sections 162 and 191 of the Revenue act. Section 162, as in force when the pay-

ment was made, required the taxpayer desiring to object to all or any part of a tax pursuant to section 191, to pay at least seventy-five per cent of the same under protest, specifying in writing, the particular tax or part thereof so paid, and that the receipt therefor shall be marked by the collector to show payment was made under protest. Section 191 (Ill. Rev. Stat. 1937, chap. 120, par. 179) as then in force, and as amended prior to the judgments, provided that no person shall be permitted to offer any such defense unless the objections are accompanied by the original or duplicate collector's receipt showing payment under protest, pursuant to section 162. The claim that it affirmatively appears from the record that these provisions were not complied with is without foundation. While the record does not show they were complied with neither does it show they were not. Questioning the sufficiency of the judgments is a collateral attack. The county court, in adjudicating matters under an application for judgment and order of sale of real estate for delinquent taxes, acts as a court of general jurisdiction. Its judgment imports absolute verity without setting forth in the proceedings the facts and evidence on which it is rendered, to contradict which no averment or evidence will be received, and in favor of whose jurisdiction every presumption will be indulged. Under such a collateral attack, every presumption is made in favor not only of the proceedings but of the court's jurisdiction, unless it affirmatively appears on the face of the record that the court was without jurisdiction. (*People* v. *Miller,* 339 Ill. 573.) Without the presentation of the evidence required by section 191 of the Revenue act the county court would have no authority to order the refund. In the absence of an affirmative showing to that effect, the presumption is that the court had before it the necessary evidence to enter the judgments.

The contention that the proceedings and record show defendant has no funds from which payment of the judg-

ments can be made, because the taxes paid have been distributed to the various taxing bodies, and that payment of such excess was not made to defendant, but was made to his predecessor in office, cannot be entertained. No such issue was presented in the circuit court. Moreover, section 162 of the Revenue act provides: "Refunds shall be made by the collector in accordance with the final orders of the court, and the amount of such refunds shall be deducted from the taxes of the taxing bodies whose taxes were adjudged illegal, in the same or a subsequent year." If the funds have been distributed, as claimed, that fact is no defense to the writ.

Prior to the amendment of sections 162 and 191 of the Revenue act in 1933, we held that a payment made to prevent a sale of real estate for an illegal tax was not under compulsion and must be regarded as voluntary. There was no statute prohibiting the filing of objections without a prepayment of some portion of the tax. Nor was there any statutory provision for the return of any portion of an illegal tax paid, and it could not have been recovered unless paid under duress. The result of the financial depression was the clogging of the courts with delayed adjudications, seriously impairing the functions of government. The amendments of 1933 were enacted to remedy these evils, for the benefit of both the taxpayer and taxing bodies. In *People* v. *Orrington Co.* 360 Ill. 289, we said: "It is plain that the amendment to section 191 contemplates the refund of money whenever the tax objected to is held void and payment is shown to have been made under protest, as provided in said section. The provision for the refund is as mandatory as that for the payment. * * * It must also be observed that this legislation materially changed the situation with regard to the status of a taxpayer who desires to object to his taxes. It is to be presumed that the legislature knew the law as to voluntary payments. The amendatory act shows that when it took away the right to

object to taxes without restriction, it purposed to compensate the taxpayer for the imposition of an advance payment by a provision for a refund of any illegal tax so advanced. In the exercise of its legislative function the General Assembly had the right to so provide, regardless of whether the payment is deemed to be voluntary or involuntary." The cases of *162 East Ohio Street Hotel Corp.* v. *Lindheimer,* 368 Ill. 294, and *LeFevre* v. *County of Lee,* 353 id. 30, do not involve taxes paid under protest, in compliance with the provisions of sections 162 and 191, and have no application here.

Petitioners showed a clear legal right to the writ and the circuit court did not abuse its legal discretion in awarding it.

The judgment was correct, and is affirmed.

*Judgment affirmed.*