(No. 25255.—

CLARA NUGENT, Appellant, *vs.* JOHN TOMAN, County Treasurer et al. Appellees.

*Opinion filed October 13, 1939.*

MARKMAN, DONOVAN & SULLIVAN, (HENRY O. NICKEL, and JAMES E. FITZGERALD, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, and ROY C. WOODS, (JACOB SHAMBERG, MARSHALL V. KEARNEY, and CHARLES H. BLUMENFELD, of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, as a taxpayer, brought a suit in the circuit court of Cook county to enjoin appellee, as county treasurer, from paying, upon the order of the county court of Cook county, refunds of taxes to a number of property owners who had paid their assessments under protest. The case was heard upon the pleadings and a stipulation of facts and judgment was entered dismissing the complaint for want of equity. The case relates to the revenue, and, hence, the appeal comes directly to this court.

In April, 1936, the collector of Cook county made application, according to law, for judgment of sale of real estate upon which taxes for 1934 were delinquent. The return day for this application was May 11, 1936. By leave of court the Chicago Realty Board and H. P. Tuscher were permitted to file objections after the return day, for a part of such taxes, and judgment by default as to them was vacated. Prior to the return day many other owners of real estate paid their taxes in full under protest. The form of this protest does not appear in the record, but since there is a finding of the county court there was such a protest we must presume it was of the nature prescribed by statute. (*People* v. *Lindheimer,* 370 Ill. 424.) The objections filed by the two above named taxpayers recited that there were many other owners of property having the same grounds of objections, who had paid taxes under protest, and that

such protest amounted to an entry of appearance and objection entitling them to the benefit of any adjudication that might be made in their respective cases, but the record does not disclose that the court considered such objection as applying to any one except the signers thereof.

The record shows that on May 23, 1936, the court entered an order for a sale of real estate upon the collector's delinquent list which contained the following exception: "Excepting from this judgment and order of sale all lands or lots, and the taxes, interest, penalties and costs as to which this application for judgment and order of sale has been finally denied or final judgment thereon has been prevented, for any reason, as shown by the orders of this court herein and by the entries in the tax, judgment, sale, redemption and forfeiture record, respectively, including all orders and entries in relation to payments *under protest and in relation to payments* less penalties, or less half penalties, under the provisions of section 177 of the General Revenue law of Illinois."

On June 2, 1938, the county court entered an order in both the Chicago Real Estate Board case and the Tuscher case reciting that certain test cases had been decided by the Supreme Court, that each of the objectors had paid the 1934 taxes under protest, and that the objections to certain taxes were sustained, and ordering the county collector to refund to each of said objectors the part of the tax found by it to be illegal.

After June 2, 1938, the court permitted each of the other property owners who had paid their taxes under protest to adopt the objections of Tuscher or the Chicago Real Estate Board, as the case might be, and entered a judgment that the objections to such tax rates be sustained, and making an order of refund by the county collector to each such taxpayer for the amount found to be illegal. Each of the final judgments in these cases recites that such taxpayer had theretofore paid in full, under protest, the taxes for

1934 extended against the property listed in the county treasurer's warrant books.

The substance of the present complaint is to the effect that inasmuch as the individuals who had paid taxes under protest, and had not appeared before the next application for judgment and order of sale and filed objections, were in default, therefore a judgment by default, as a matter of law, should be considered rendered against all persons who had not filed objections prior to the return day. In appellant's brief the matter is stated differently, to the effect that the county court did not have authority to except from the judgment and order of sale lands or lots for which no objections had been filed.

An examination of the judgment rendered on May 23, 1936, discloses that the court entered judgment of sale and default against *all* property *except* where "final judgment has been prevented by orders of the court herein, and by entries in the tax * * * record, * * * including all orders and entries in relation to payments under protest * * * under the provisions of section 177 of the General Revenue law." It is clear from this language that the county court did not enter a judgment of any kind on May 23, 1936, against property upon which taxes had been paid under protest. It is claimed the court's action in so excepting property from judgment was the act of an usurper, and that it was its duty to enter a judgment and order of sale for property delinquent in the payment of taxes. The statute seems to make a distinction between delinquent property and lands upon which taxes have been paid under protest, because on the day at which judgment is prayed the collector is required to make oath that it is a correct list of lands and lots upon which he was unable to collect taxes, and a list of *all lands and lots upon which taxes have been paid under protest.* Ill. Rev. Stat. 1937, chap. 120, par. 178.

Where taxes are unpaid the judgment is that such property be sold (Ill. Rev. Stat. 1937, chap. 120, par. 179) but

where the tax is paid under protest the judgment shall fix the correct amount of the tax, and, if there is an over-payment, order a refund of the excess paid. (Id. par. 179.) When the whole amount of tax is paid under protest the judgment will authorize the collector to use only so much of the amount paid as is necessary to pay the judgment against the property and refund the balance. It is obvious in case of a full payment there can be no sale of the land but only a satisfaction of the judgment with the amount deposited. Id. par. 180.

From the record it appears that no judgment of any kind was entered against the property upon which taxes had been paid under protest. The court is not required, upon application for judgment and order of sale, to enter judgment against all of the property at the same time, but may enter a judgment against part of the property at one term and the remainder at a later term, and no further application or notice to the parties is required. (*People* v. *Noonan*, 276 Ill. 430.) An objector may not, as a matter of right, file objections after the expiration of the time for filing the same, but the matter of permitting the filing of objections rests in the sound discretion of the court, and upon leave of court they may be filed prior to the entry of judgment. *People* v. *Millard*, 307 Ill. 556, 577.

In the case of *People* v. *Lindheimer, supra,* we held that the county court, in adjudicating matters under an application for judgment and order of sale of real estate for delinquent taxes, acts as a court of general jurisdiction, and its judgment imports absolute verity without setting forth the facts and evidence on which it is rendered; and that every presumption, in a collateral proceeding, is in favor not only of the proceedings but also the court's jurisdiction, unless the contrary affirmatively appears on the face of the record. In the proceeding before us the judgment ordering refunds contains a recital that the taxes were paid under protest, and we must conclude from such recital that

the protests were filed in accordance with the statute. *People* v. *Lindheimer, supra.*

We have before us an action of a county court which entered a judgment of sale for all property that was delinquent, excepting therefrom real estate upon which the taxes had been paid under protest. As pointed out above, it was within the power of the court to hear and adjudicate the taxes on part of the land at one time and part at another. Apparently the court was awaiting the decision of the Supreme Court upon the question of the validity of the taxes involved, and when the cases next came up, and before judgment was entered, the persons who had filed protests were permitted to file objections of the same kind as filed by those who had been successful in voiding the tax, and in so doing the county court acted within the powers granted by law. The record affirmatively shows the owners of the property excepted from the judgment of May 23, 1936, filed objections before a judgment had been rendered against the property. If the collector was interested in obtaining judgment and order of sale against the property where taxes had been· paid under protest, it was his duty, at the time, to object to the judgment rendered by the county court, excepting such property, and have its authority with respect to the order as actually entered reviewed in a proper manner. When no judgment is in fact rendered by a court against property, the owners of which have paid a tax under protest, the fact that there is a provision of law which would have authorized or required the court to render one, does not change the situation, to the extent that the right of taxpayers should be determined as though a judgment of default had been rendered against them.

On collateral attack, the lack of jurisdiction rendering a court's judgment void must appear upon the face of the record. (*People* v. *Lindheimer, supra.*) All presumptions are also in favor of it. The question of the county court's

power to, in effect, continue the cases where taxes are paid under protest, cannot be raised in this collateral proceeding. There having been no judgment entered on May 23, 1936, against the properties involved in this proceeding, and the owners having obtained leave to file objections prior to the entry of judgment, the county court acted within its jurisdiction.

The decree of the circuit court is affirmed.

*Decree affirmed.*