200

(No. 27642.—

THE PEOPLE *ex rel.* George W. Voorhees, County Collector, Appellant, *vs.* CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellee.

*Opinion filed March 21, 1944.*

EARLE A. KLOSTER, State's Attorney, of Oquawka, (HENRY D. LEWIS, of Monmouth, of counsel,) for appellant.

SAFFORD, KRITZER & FULTON, of Monmouth, C. W. KROHL, and C. A. CONWAY, (ELDON M. MARTIN, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellee, Chicago, Burlington & Quincy Railroad Company, filed objections to the application of the county treasurer and *ex-officio* county collector of Henderson county for judgment and sale for delinquent taxes for the year 1940. Appellant filed a motion to strike the objections, which challenged the levies of various towns in the county for home relief (including veterans) and for other purposes not material here. The county court, on January 22, 1942, overruled all objections except those relating to the home-relief levies, and as to those objections the matter was continued. On February 11, 1943, those objections were overruled, but on March 4, 1943, the court vacated the order of February 11, and on July 20, 1943, according to the abstract, an order was entered overruling the People's motion to strike the objections, sustaining said objections and ordering refund paid to objector. The notice of appeal specified that the appeal was "from the entire order sustaining objections to taxes for the year 1940, paid under protest by said appellee." Appellant, in said notice, desires a judgment reversing the said order of July 20, 1943, and "overruling all the objections mentioned in said order appealed from."

It is not contended that the tax levies objected to were valid. The items of the levies of the various townships, to which objections were filed, were for "home relief (including veterans.)" The funds raised for general poor

relief under the statute, (Ill. Rev. Stat. 1943, chap. 139, par. 39, sec. 3, sub-par. 3½,) are to be disbursed in an entirely different manner than the funds for relief for suffering soldiers, sailors and marines under the Bogardus Law. (Ill. Rev. Stat. 1943, chap. 23, par. 154a.) The county has the duty of furnishing relief to needy veterans while the care of paupers has been transferred from counties to townships. (Ill. Rev. Stat. 1943, chap. 107, par. 15.1.) In the levies now before us the two purposes for which the items were levied are not separated and it is impossible to tell what part of the tax is for the poor of the town and what part was intended for veteran's relief, and therefore the entire tax items objected to were invalid. *People ex rel. Little, v. Peoria and Eastern Railway Co.* 383 Ill. 79; *People ex rel. McDonough* v. *Mills Novelty Co.* 357 Ill. 285.

Appellant insists, however, that the motion to dismiss the objections should have been sustained because the objector failed to show a compliance with section 194 of the Revenue Act, which was an essential prerequisite to the right to offer any defense to the entry of judgment for unpaid taxes under section 235 of the Revenue Act. Section 194 of the Revenue Act (Ill. Rev. Stat. 1943, chap. 120, par. 675,) provides that any person desiring to object to taxes, pursuant to the provisions of section 235 of said act, must, in addition to paying seventy-five per cent of the tax, accompany the payment with a notice in writing, signed by himself, setting forth the grounds of objection. Section 235 of the act (Ill. Rev. Stat. 1943, chap. 120, par. 716,) provides that no person shall be permitted to offer any defense to the entry of judgment for unpaid taxes unless the writing specifying the particular causes of objection shall be accompanied by an official receipt showing at least seventy-five per cent of all taxes paid under protest pursuant to the provisions of section 194. The amendments of 1933 to the Revenue Act had two objectives, to

facilitate the collection of taxes and to protect the taxpayer. (*People ex rel. Sweitzer* v. *Orrington Co.* 360 Ill. 289; *People ex rel. Baird and Warner, Inc.* v. *Lindheimer,* 370 Ill. 424.) This court has recently held that without the presentation of the evidence required by section 194, (formerly section 162,) of the Revenue Act, the county court would have no authority to order the refund. *People ex rel. Baird and Warner, Inc.* v. *Lindheimer,* 370 Ill. 424.

Appellant insists that it affirmatively appears from the record that the only evidence presented tending to show a compliance with section 194 of the Revenue Act, was "Exhibit A," which was a tax receipt issued by the county collector showing payment by appellee of all its taxes for the year 1940, on the face of which was typed the following: "$3566.42 was paid under protest and is withheld from distribution. Geo. W. Voorhees, Co. Treas." The condensed report of proceedings shows that on November 19, 1941, hearings on objections were commenced; that at that hearing the objector offered in evidence the certificate of levy of the various townships here involved; and that no other documentary evidence was introduced into the record except the duplicate tax receipt which was marked "Exhibit A," which was attached to the original objections. Appellant vigorously contends that such a showing demonstrates that there was no substantial compliance with the requirements of said section 194, and that the court, therefore, erred in refusing to dismiss the objections because, under the holding of this court in *People ex rel. Baird and Warner, Inc.* v. *Lindheimer,* 370 Ill. 424, the county court had no authority to order the refund.

Appellant's counsel overlooks or disregards other portions of the record. It affirmatively appears that on November 24, 1941, five days after the date on which the court recites that no other documentary evidence was introduced, the hearing on objections was resumed; that evidence was heard on behalf of the People and that objector

offered evidence in rebuttal. On January 23, 1942, an order was entered in which the court specifically found that the objector (appellee) has paid all taxes legally levied and extended against its property for the year 1940 and all previous years in said county and in each and every taxing district in said county; that the objector paid under protest the said taxes and parts thereof so objected to, taking receipts for the same marked by the collector showing said taxes and parts thereof were paid under protest, the fact of such protest being also entered by said collector in his return, and that said writing specified the particular causes of objections to such taxes and parts thereof so paid under protest. These facts were alleged in the objections and section 235 was sufficiently complied with as to the payment under protest by attaching a copy of the collector's receipt showing such payment under protest. While the fragmentary record before us does not contain a copy of the written grounds of protest filed with the collector, that was a matter of proof. The record before us neither shows that it was or was not done. In the absence of a complete record appellant cannot question the sufficiency of the evidence to support the aforesaid recital. *People* v. *McDonnell*, 377 Ill. 568.

The *praecipe* for record does not purport to request a complete transcript of the proceedings and exhibits offered in evidence at the various hearings. The only place in the record before us in which the specific findings of compliance with section 194 in the payment of taxes under protest are contradicted, is in the condensed report of proceedings, wherein it appears that at the hearing on September 19, 1941, no documentary evidence other than "Exhibit A" was introduced. That recitation in the condensed report is not sufficient to impeach the findings of the court on January 23, 1942, in view of the positive showing in the record that additional evidence was heard on November 24, 1941.

In *Nugent* v. *Toman*, 372 Ill. 170, this court said: "the judgment ordering refunds contains a recital that the taxes were paid under protest, and we must conclude from such recital that the protests were filed in accordance with the statute," citing *People* v. *Lindheimer*, 370 Ill. 424. In the absence of a complete record we must indulge every reasonable presumption in favor of the court's findings. (*Culver* v. *Schroth*, 153 Ill. 437.) Nor can we permit findings of fact set forth in an order of the court to be impeached by a condensed report of proceedings, signed by the judge a year and seven months later, which clearly incorporated what his minutes of September 19, 1941, disclosed. Special findings of the trial court contained in a duly entered court order cannot be impeached by the recollection or want of recollection of the judge. (*Central Trust Co.* v. *Hagen*, 339 Ill. 384.) Orders were entered at various times and the final judgment, overruling the motion to dismiss the objections and ordering a refund, was entered on July 20, 1943. That order is not abstracted nor set forth in the condensed report of proceedings. This court cannot ascertain from the record nor from the abstract just what the court may have found nor the grounds upon which his final judgment was based. The record before us is fragmentary. Portions of it indicate apparent errors but other portions obviate them, and we are justified in indulging the presumption, in support of the judgment, that portions of the record exist which appellant has seen fit to omit. We must, therefore, conclude that the judgment of the county court, ordering a refund, was properly entered and the judgment is, therefore, affirmed.

*Judgment affirmed.*