(No. 33058.—

THE CITY OF PARK RIDGE *et al.*, Appellants, *vs.* AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee, *et al.*, Appellees.

*Opinion filed Sept. 23, 1954—Rehearing denied November 15, 1954.*

BRYANT, COLWELL & WELLS, and HERBERT R. STOFFELS, both of Chicago, for appellants.

JOSEPH F. ELWARD, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, both of Chicago, (ANDREW C. HAMILTON, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The city of Park Ridge and the village of Niles filed suit in the circuit court of Cook County against American National Bank and Trust Company, as trustee, and The Catholic Bishop of Chicago, a corporation sole, seeking to enjoin defendants from establishing a cemetery on certain property located outside the municipalities but within one mile of the limits of each. An answer and counterclaim were filed, by which defendants sought to enjoin plaintiffs from interfering with the use of the property for cemetery purposes. A motion by plaintiffs to strike the answer and counterclaim was denied, and, the plaintiffs electing to stand on their motion, a decree was entered finding that defendants have a legal right to use the property for cemetery purposes. An injunction was granted, restraining plaintiffs from interfering with such use. Plaintiffs appeal directly to this court.

Each of the appellant municipalities has an ordinance prohibiting the establishment of cemeteries within one mile of its limits, (except as to portions of such territory that fall within the limits of another city or village.) The ordinances were adopted pursuant to section 23-84 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1953, chap. 24, par. 23-84.) That section grants to municipalities the power "To establish and regulate cemeteries within or with-

out the municipal limits; to acquire lands therefor, by purchase or otherwise; to cause cemeteries to be removed; and *to prohibit their establishment within one mile of the municipal limits."* (Emphasis supplied.) The question presented is whether the provision of the statute italicized above validly authorizes the plaintiffs to prohibit use of defendants' land as a cemetery.

Defendants' answer alleges, *inter alia,* that the land adjoining the tract in question is thinly settled and used largely for farming purposes; that it was necessary for defendants' purposes that about 160 acres of land be acquired reasonably near Chicago; that it would be difficult, if not impossible, to acquire within a reasonable time another tract of 160 contiguous acres reasonably close to Chicago; that when the present land was acquired neither of the plaintiffs had any ordinance of the present type; that each of the plaintiffs knew defendants bought the land for use as a cemetery, and adopted the ordinance in order to prevent defendants from so using it; and that the intended use of the tract will not be detrimental or harmful to the health, safety, comfort, morals, or welfare of the persons residing in the neighborhood. The motion of plaintiffs, of course, admitted the material allegations of fact.

The defendants challenge the statute and the ordinance on several grounds. Their principal contention, and the only one we need consider here, is that the ordinance is invalid because it prohibits the establishment of cemeteries within the specified area on an absolute, unconditional basis, without reference to any considerations of the public health, safety, or welfare. The plaintiffs urge that they did not admit by their motion to strike that the establishment of this cemetery would not be detrimental, and they now argue that its establishment will in fact be contrary to the public interest because it would prevent expansion of the corporate limits, and would create traffic problems, and because the land would become tax exempt. However, in view of

the motion to strike, and for the further reason that the plaintiffs did not affirmatively allege or prove that any undesirable effects would or might occur, this appeal presents for decision only the question whether an absolute prohibition of cemeteries may be sustained regardless of present or potential effects.

We agree with the defendants that the statute confers no such power. It is of course not questioned that municipalities may be given the power to regulate the uses to which land may be put, and the exercise of that power in the customary form of zoning ordinances is commonplace. But in upholding this power we have always held that restrictions upon the use to which a specific piece of land may be put are valid only if the restriction bears some relation in that particular instance to considerations of public welfare. (See *e.g., Harmon* v. *City of Peoria,* 373 Ill. 594.) We think the same rule applies to the use of land for cemetery purposes. It may be conceded that there are some uses of land which the legislature may prohibit absolutely regardess of location because the proposed use is inherently harmful. But our decisions have consistently recognized that cemeteries do not fall into that class. (See *Town of Lake View* v. *Letz,* 44 Ill. 81, 83; *Town of Lake View* v. *Rosehill Cemetery Co.* 70 Ill. 191, 196; *Village of Villa Park* v. *Wanderer's Rest Cemetery Co.* 316 Ill. 226, 228; *Rosehill Cemetery Co.* v. *City of Chicago,* 352 Ill. 11, 29.) Whether the distinctive character of cemeteries permits the consideration of other or different factors than those required to sustain restrictions on other land uses as reasonable we are of course not now called upon to decide.

Appellants rely on *Catholic Bishop* v. *Village of Palos Park,* 286 Ill. 400, wherein an ordinance similar to those in the case at bar was upheld, and insist that no material distinction exists between that case and the present one. We agree that no distinction can be made in the facts. But we conclude, on careful consideration, that insofar as

it upheld the ordinance the decision therein is unsound and must be overruled. This court recognized in the *Palos Park case* that the burial of the dead is a necessity and a right; and that a law which would destroy that right without regard to the public health, safety, morals, or welfare is not within the police power. It was decided, however, that "Neither the act in question nor the ordinance passed in pursuance of it amounts to an absolute denial of the right to locate, establish or maintain a cemetery, but only authorizes the prohibition of such location and maintenance within one mile of the corporate limits of a municipality." Such reasoning, we think, can no longer be accepted as valid. The prohibition in question is manifestly an absolute denial of the right, within the area designated, and in the absence of particular circumstances showing that public health or welfare will be affected the mere fact that the territorial application of the prohibition is limited does not remove its arbitrary character. Since we have held that the use of property for cemetery purposes is not inherently obnoxious, it follows that ordinances concerning the use of property for that purpose must, like ordinances concerning other property uses, find their justification in considerations of public health, morals, comfort or general welfare.

We hold that in authorizing municipalities to prohibit the establishment of cemeteries the General Assembly has delegated, in general terms, the power which it might have exercised directly as a police regulation; that such power is limited to the prohibition of all cemeteries which may endanger public health, safety, or welfare; that under the authority so delegated the municipality may prohibit, on any land within the area described, the establishment of a cemetery which it reasonably finds would endanger the public health, safety, or welfare; and that any prohibition which does not tend to promote such public interests is arbitrary, void, and not within the authority delegated.

Since under the pleadings in this case it is admitted that the proposed use of the land will not endanger public health, safety, or welfare, the ordinances in question are void. The decree of the circuit court is correct and will be affirmed.

*Decree affirmed.*