Cedar Park Cemetery Association, Inc., Plaintiff-Appellee, v. Village of Calumet Park, a Municipal Corporation, Defendant-Appellant.

Gen. No. 47,826.

First District, Third Division.
March 23, 1960.

Opeka, Dillner, and Pakulaz, of Chicago, for defendant-appellant.

Reuben S. Flacks, of Chicago (Leonard L. Cowan, of counsel) for plaintiff-appellee.

JUSTICE BURKE delivered the opinion of the court.

On July 13, 1956, Cedar Park Cemetery Association, Inc., filed a complaint in chancery against the Village of Calumet Park to enjoin the defendant, its officers, agents, servants and employees from interfering with the use for cemetery purposes by plaintiff of a tract of land containing 13⅓rd acres and for such other relief as equity may require. Plaintiff replied to defendant's second amended answer. Defendant moved for judgment on the pleadings, asserting that the issues were adjudicated in the case between the same parties reported in 398 Ill. 324, wherein the Supreme Court found an ordinance valid and an agreement binding. In its motion defendant said that the judgment of the Supreme Court bars the plaintiff from using the tract for cemetery purposes; that the issues raised and the matters decided therein are applicable and controlling in the instant case; that the parties are the same in both cases; that the tract of land involved is the same; that the principal object of plaintiff in both cases was and is the use of the tract for cemetery purposes; that plaintiff "unconditionally and voluntarily waived and surrendered" all cemetery rights it may have had in the tract by agreement between the parties, as adjudicated by the Supreme Court; that the Supreme Court adjudicated that the plaintiff waived and surrendered all cemetery rights in the tract and that the defendant performed all conditions required of it "as consideration therefor"; that defendant is entitled as a matter of law "to have the litigation ended; and that plaintiff is estopped from bringing the action by agreement." The chancellor denied defendant's mo-

301

tion for judgment on the pleadings, found that the issues in the instant case are not the issues adjudicated by the Supreme Court; that the judgment in the former case is not *res judicata* as to the issues in the instant case; that the plaintiff did not waive or surrender its cemetery rights in the tract; decreed that the plaintiff has a right to use the tract for cemetery purposes and perpetually enjoined the defendant, its officers, agents, servants and employees from trespassing on and interfering with the use of the tract for cemetery purposes. The defendant appeals.

The facts are concisely stated in the Supreme Court opinion filed November 20, 1947 (398 Ill. 324). In 1923 plaintiff acquired for cemetery purposes a 53⅓rd acre parcel of land and a 13⅓rd acre parcel of land, the larger tract being south of 125th Street as projected, and the smaller tract lying north of that street. Both tracts were then within the village limits. Plaintiff immediately acquired title to the parcels and constructed a cemetery on a portion of the 53⅓rd acre tract. Immediately after the first burial strong public opposition arose. Defendant undertook to prevent further use of the premises as a cemetery, whereupon plaintiff filed suit to enjoin defendant from interference. On August 15, 1923, the village passed two ordinances, one prohibiting the burial of dead bodies and the use of any premises in the village for cemetery purposes or within one mile thereof, and the other requiring the owner of any premises who had permitted the burial of a dead body to remove it within 30 days from the effective date of the ordinance. A supplemental bill was filed by the plaintiff to restrain the village from enforcing the two ordinances. The master in chancery to whom the case had been referred indicated that he would recommend a permanent injunction. On July 15, 1924, while the case was pending before the chancellor, plaintiff approached the village seeking an

amicable settlement, and proposed that if the village granted the unrestricted privilege to maintain a cemetery on all of its land south of 125th Street, it would subdivide the 13⅓rd acre tract north of 125th Street into lots and pay an annual tax on that acreage of $250. Plaintiff further proposed that it would forever waive all rights which it may have to construct and establish a cemetery on the 13⅓rd acres.

These propositions were, on July 25, 1924, accepted by the village and pursuant thereto a resolution was passed on the same day which embodied the terms of the agreement, and the village at the same time passed an ordinance which was satisfactory to the plaintiff prohibiting the establishment of any cemetery within the village except upon lands of plaintiff south of 125th Street. With the consent of the village the court on October 4, 1924, entered a perpetual injunction restraining defendant from interfering with the operation of the cemetery on the 53⅓rd acre tract. The village waived its right to appeal or to sue out a writ of error, repealed the two ordinances of August 15, 1923, and passed an ordinance making it lawful for plaintiff to maintain and operate a cemetery south of 125th Street. The village agreed to the four conditions proposed by plaintiff in consideration of the waiver of its right to maintain and operate a cemetery on the 13⅓rd acre tract, and complied with all of them. The plaintiff for more than 20 years thereafter did nothing to indicate that it had not intended to waive its right or claim of right to use the 13⅓rd acre tract for cemetery purposes. On December 12, 1945, plaintiff filed a complaint in chancery against the defendant alleging that it had begun to prepare the 13⅓rd acre tract for the purpose of human interment and that the defendant threatened to interfere with that action. Plaintiff prayed that defendant be permanently enjoined from interfering with the maintenance of a cemetery

upon the 13⅓rd acre tract and that the court declare that any ordinance of the village in conflict with the rights of plaintiff to conduct a cemetery upon that average to be void, that it be enjoined from enforcing such ordinance and for other relief. The recommendation of a master in chancery that the defendants and all under it be restrained from interfering with the use of the 13⅓rd acre tract as a cemetery was accepted and on February 27, 1947, a decree was entered adopting the recommendation of the master. The defendant appealed.

In that appeal plaintiff took the position that the agreement expressed in the resolution of July 25, 1924, meant that it waived the right to use the 13⅓rd acre tract for cemetery purposes provided the village within a reasonable time thereafter constructed the extension of 125th Street and only after and in case of the actual construction of the extension in due time; that since the extension was not constructed and more than 20 years elapsed since the agreement was made, the village could not then rely on the agreement; and that the ordinance of July 25, 1924, prohibiting a cemetery in the village except south of 125th Street was void as applied to it and the 13⅓rd acre tract. Defendant contended that the agreement expressed in the resolution settled once and for all that plaintiff could not use the 13⅓rd acre tract at any time for cemetery purposes. In reversing the decree awarding the perpetual injunction and remanding the cause with direction to dismiss the complaint for want of equity, the Supreme Court said (333): "Evidently the agreement was prepared and formulated by the association." The court found that the parties intended that the phrase "125th Street, if produced" used in the agreement was not intended to impose a condition calling for the extension of that street, but that it was used in establishing the bound-

ary between the premises which were permitted to be used for cemetery purposes and those which were not permitted to be so used, and that "the ordinance, passed coincidently with the resolution, which prohibited lands within the village from being used for cemetery purposes, except those lying south of 125th Street, is valid."

The judgment of the Supreme Court, stated in the opinion of November 20, 1947, apparently settled the dispute between the parties as to the use of the 13⅓rd acre tract. The complaint in the instant case appears to have been inspired by the opinion of the Supreme Court in City of Park Ridge v. American Nat. Bank & Trust Co. of Chicago, 4 Ill.2d 144. In its latest complaint plaintiff avers that its lands were disannexed "and are not now within" the corporate limits of the village; that the 13⅓rd acre tract is contiguous to and adjoins on its southern boundary the 53⅓rd acre tract, which latter tract it has operated as a cemetery since 1923; that it now desires and intends to extend its operations as a cemetery to the 13⅓rd acre tract; that the intended use of that tract for cemetery purposes will not be detrimental or harmful to the health, safety, comfort, morals or welfare of the persons residing in the neighborhood and the defendant; that the burial of the dead is a necessity and a right; that the intended use of the lands by plaintiff is within the powers granted it under its corporate charter and not contrary to public health, safety, comfort or morals; that defendant has directed its law enforcement officers to prevent plaintiff from using the 13⅓rd acre tract for cemetery purposes; that defendant bases its intended action upon its municipal ordinance prohibiting the establishment of cemeteries within one mile of its limits, adopted pursuant to Section 23—84 of the Revised Cities and Villages Act, without regard to the fact

305

that the section and the municipal ordinance enacted pursuant thereto prohibiting the establishment of cemeteries within one mile of the municipal limits are unconstitutional and void. Plaintiff prays that defendant be perpetually restrained from prosecuting any actions or interfering with plaintiff in the use of the 13⅓rd acre tract for cemetery purposes.

In the instant case the defendant denies that the plaintiff's lands were "disannexed from the village" and denies that the 13⅓rd acre tract is not now within the corporate limits of the village. Paragraph 9 of the complaint filed by plaintiff in the 1945 case which went to the Supreme Court, averred that plaintiff's lands were disannexed from the village by proceedings in a case in which a decree of disannexation was entered on September 11, 1939. Paragraph 9 of defendant's answer in the 1945 case said that the plaintiff commenced a disconnection suit and a decree of disannexation was entered, that the proceedings were illegal and in violation of the statute in such case made and provided, and that therefore the decree therein is void. A stipulation between the parties, filed in the 1945 case, struck out Paragraph 9 of the complaint and Paragraph 9 of the answer.

■ ■ The 1924 litigation was settled by the acceptance by the defendant of the plaintiff's proposal. The conditions attached to the proposal were faithfully observed by defendant. The Supreme Court so found in the previous appeal. In the instant case plaintiff challenges the validity of the ordinance of July 25, 1924, based on the holding in the Park Ridge case. In the 1945 case the jurisdiction of the Supreme Court was invoked because the validity of the July 25, 1924, municipal ordinance was involved. In that case the court held, as one of the points raised, that the ordinance "is valid." We agree with the plaintiff that

306

in its second amended answer the defendant has substantially raised a plea of *res judicata*. The judgment of the Supreme Court decided the issues raised in the instant case. The parties, the tract of land, the issues and the relief sought are substantially the same. The validity of the 1924 ordinance is challenged in each case. The ordinance was based upon the agreement of the parties to settle their disputes. As a result of carrying out that agreement the plaintiff secured the entry of a decree for a perpetual injunction restraining defendants from in any manner interfering with the maintenance, conduct or operation of its cemetery in the 53⅓rd acre tract "and such other lands as" plaintiff may from time to time acquire lying south of 125th Street. A judgment rendered by a court of competent jurisdiction on the merits is a bar to any future action between the same parties or their privies, on the same cause of action, in the same or another court as long as it remains unreversed and not in any way vacated or annulled. The decree for the permanent injunction which resulted from the July 25, 1924, agreement has not been modified. The 1924 decree in favor of the plaintiff, entered by consent, binds the plaintiff as well as the defendant. In the previous case the Supreme Court reversed the decree for cause going to the merits of the case and finally decided the case on its merits.

Plaintiff maintains that even if it be considered that the parties and the subject matter of the prior and pending case are the same, the decision in the Park Ridge case intervened to bar any vested interest in the prior decision now offered as a bar by the defendant; that the cases are legion which hold that *res judicata* is not a defense in a subsequent action where the law under which the first judgment was entered is different from that applicable to the second action, or there

307

has been an intervening decision or a change in the law between the first and second judgment creating an altered situation. Plaintiff asserts further that when the Park Ridge case held the grant of powers to municipalities in general terms to prohibit arbitrarily the location and maintenance of cemeteries unconstitutional and void, it thereby automatically rendered unconstitutional and void all contracts and agreements made to comply with and carry out the requirements of ordinances adopted under such enabling powers.

What the plaintiff is saying is that the decision of the Supreme Court in the Park Ridge case creates an "altered situation" which makes the judgment of that court involving the 13⅓rd acre tract unavailable as a defense in the instant case under the doctrine of *res judicata*. Plaintiff is asserting by inference that the 1924 ordinance of the defendant in the instant case is invalid because it contains a provision similar to the one in the Park Ridge case relating to the prohibition of establishing cemeteries within one mile of municipal limits. In the Park Ridge case the principal contention and the only one considered was that the ordinance is invalid because it prohibits the establishment of cemeteries within the specified area on an absolute unconditional basis without reference to any consideration of public health, safety or welfare. In that case the court considered the ordinance in connection with the authority given in Section 23—84 of the Revised Cities and Villages Act (Sec. 23—84, Ch. 24, Ill. Rev. Stat. 1959), which gives municipalities the right to "establish and regulate cemeteries within or without the municipal limits; to acquire lands therefor by purchase or otherwise; to cause cemeteries to be removed; and to prohibit their establishment within one mile of the municipal limits." The appeal presented for decision the question whether an absolute prohibition of cemeteries may be sustained regardless of

308

present or potential effects. The Supreme Court agreed with defendant that the "statute confers no such powers." The court held that insofar as the opinion in Catholic Bishop of Chicago v. Village of Palos Park, 286 Ill. 400, upheld the ordinance of that village, the decision therein is "unsound and must be overruled," the court said (4 Ill.2d 144, 148): "Since we have held that the use of property for cemetery purposes is not inherently obnoxious, it follows that ordinances concerning the use of property for that purpose must, like ordinances concerning other property uses, find their justification in considerations of public health, morals, comfort or general welfare. We hold that in authorizing municipalities to prohibit the establishment of cemeteries the General Assembly has delegated, in general terms, the power which it might have exercised directly as a police regulation; that such power is limited to the prohibition of all cemeteries which may endanger public health, safety, or welfare; that under the authority so delegated the municipality may prohibit, on any land within the area described, the establishment of a cemetery which it reasonably finds would endanger the public health, safety, or welfare; and that any prohibition which does not tend to promote such public interests is arbitrary, void, and not within the authority delegated. Since under the pleadings in this case it is admitted that the proposed use of the land will not endanger public health, safety, or welfare, the ordinances in question are void."

In the case at bar the making of the agreement and the adoption of the ordinance in 1924 were deliberate acts of the parties. In the previous case the Supreme Court said that the agreement was prepared and formulated by the plaintiff. The ordinance was enacted by the village at the behest of the plaintiff, which insisted that the ordinance be satisfactory in form. In

309

1924 both tracts owned by plaintiff were within the village limits. In the 1945 case the parties removed from the issues whether the cemetery property was legally disannexed in 1939. In the instant case the plaintiff does not affirmatively charge that the ordinance of July 25, 1924, is void, and it does not pray for a decree declaring that ordinance void. The ordinances of the two municipalities in the Park Ridge case are dissimilar from the ordinance in the instant case. The ordinances in that case are strictly prohibitory in character. The ordinance in the instant case is permissive in character. The cemetery lands purchased by the Catholic Bishop of Chicago in the Park Ridge case were outside the corporate limits of both municipalities at the time of the passage of the ordinances. The lands purchased by plaintiff in 1923 were within the corporate limits of the defendant. The ordinances in the Park Ridge case were prepared and enacted by the two municipalities. The ordinance of July 25, 1924, was the result of an undertaking between plaintiff and defendant and was required to be satisfactory in form to the plaintiff. The ordinances in the Park Ridge case were drafted on no factual data or conditions preceding their enactment. The ordinance in the instant case was drafted to "settle and adjust all litigation now pending or which may hereafter arise," to dispose of the disputes as to locations within which plaintiff could operate burial grounds, to assure peaceful operation of the cemetery without interference by defendant, all of which objectives were achieved by the passage of the ordinance, thus promoting the public health, welfare and safety. It is manifest that the 1924 ordinance was not adopted "on an absolute unconditional basis, without reference to any consideration of the public health, safety or welfare." The matters carefully set out in the Supreme Court opinion establish that the defendant did not act in an

arbitrary manner in adopting the 1924 ordinance. We do not think that the judgment in the Park Ridge case should affect the judgment in the 1945 case involving the 13⅓rd acre tract. The factual situations in the cases are dissimilar. The issues tendered by plaintiff were previously litigated and determined in the action between the same parties.

In 1924 the people of the village, by their trustees, and the cemetery association, by its governing board, decided in effect that the compromise proposed by the association and accepted by the village would promote public health, morals, safety and the general welfare. In this compromise the plaintiff by its own decision decided the quantity of land it required for burial purposes. The parties acted in good faith. The plaintiff should not be permitted to repudiate its solemn undertaking. Plaintiff waived any right it had to use the 13⅓rd acre tract for burial purposes. In the 1945 case the Supreme Court commented that plaintiff for more than 20 years after the passage of the resolution of July 25, 1924, "did nothing to indicate that it had not intended to waive its right or claim of right to use the 13⅓rd acre tract for cemetery purposes."

The decree is reversed and the cause is remanded with directions to dismiss the complaint for want of equity.

Decree reversed and cause remanded with directions.

BRYANT, P. J. and FRIEND, J., concur.