(No. 37060.—

FRANK KEILTY, Appellee, *vs.* THE CHICAGO REAL ESTATE COMPANY, Appellant.

*Opinion filed Sept. 28, 1962.—Rehearing denied Nov. 29, 1962.*

MILLS, FINNEGAN AND CRANE, of Chicago, (LAWRENCE C. MILLS and ROBERT J. GARRETT, of counsel,) for appellant.

FERSTEL, SOKAL AND FERSTEL, of Chicago, and DANIEL P. WARD, State's Attorney, of Chicago, (WILLIAM G. FERSTEL, JAMES L. FERSTEL, EDWARD E. PLUSDRAK, and THEODORE M. SWAIN, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Frank Keilty filed a petition in the county court of Cook County for an order directing the issuance of a tax deed under section 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1959, chap. 120, par. 747). The Chicago Real Estate Company, an interested party, objected on the ground that petitioner did not buy at an annual tax sale but had purchased under the provisions of section 272 (Ill. Rev. Stat. 1959, chap. 120, par. 753), the property having been forfeited to the State, and that such purchasers are not within the coverage of section 266. The court overruled the objections and ordered a tax deed to issue. The objector appeals.

The facts are not in dispute. On April 5, 1941, pursuant to judgment and order of sale for delinquent 1939 real-estate taxes, the property in question was offered for sale. There being no bidders, it was forfeited to the State. On March 30, 1959, the petitioner purchased it for the total sum of $2,094.38, representing amounts due on unpaid taxes for 1939 and various years during the period 1909 through 1938, together with interest, fees and costs as set forth in section 272. The petition for tax deed was filed November 1, 1960, and notices as required by statute were given to the owners and persons interested in the property.

Section 272, under which the petitioner purchased, affords a method of realizing the delinquent taxes on property which remains unsold for lack of bidders at the annual sale and is forfeited to the State. It provides that any person desiring to purchase such property may apply to the county clerk, who computes the total amount of all taxes, costs,

interest and printers' fees due, together with forfeiture interest in accordance with a prescribed rate schedule. Upon payment of such amount the purchaser is given a receipt in the form of a certificate of purchase. The section states that "Property purchased under this section shall be subject to redemption, notice, etc., the same as if sold at regular public tax sale."

Section 266 provides, insofar as is relevant, that "At any time within 5 months prior to the expiration of the time of redemption from the sale of any real estate for nonpayment of taxes or special assessments, pursuant to judgment and order of sale on the County Collector's application for judgment and order of sale under the provisions of Section 225 of this Act, as amended, the purchaser or his assignee may file a petition in the county court in the same proceeding wherein the judgment of sale was entered upon which the sale was had, praying that the court direct the county clerk to issue a tax deed if the real estate shall not be redeemed from the sale."

To support the contention that the section is not available to a purchaser of forfeited property the objector argues that the sale was not "for nonpayment of taxes" nor was it made "pursuant to judgment and order of sale," and that it is inappropriate to the form of deed prescribed by statute (section 268) which recites "Whereas at a public sale of real estate for the nonpayment of taxes, made in the county aforesaid, on the ————— day of ————— A.D. 19——, the following described real estate was sold, to wit * * *." It is further argued that the requirement that the petition be filed "in the same proceeding wherein the judgment of sale was entered" shows an intent to have the section applicable only to purchasers at the anual tax sale, since a purchase of property which had been forfeited for lack of bidders at the annual sale may not be made until many years later, as in this case, and a petition based thereon "could not be" in the same proceeding as that in which

the judgment and order of sale had been entered. In addition the objector says section 272 is unconstitutional on the grounds that a sale thereunder is not "upon the order or judgment of some court of record" as required by section 4 of article IX of the constitution, and that the section fails to provide for a two-year redemption period as required by section 5 of article IX.

The objector's contention and the various arguments advanced to sustain it are answered in substance by our opinion and decision in *Ziccarelli* v. *Stuckart,* 277 Ill. 26, where the validity of what is now section 272 (except for irrelevant changes) was upheld over the same constitutional objections as those urged here. In referring to the sale of forfeited property we observed that "the purchaser of the property at such sale acquires the same rights and stands in exactly the same position with respect to the property he would had he become a purchaser of the property at the prior public tax sale." We pointed out that the statute preserves the owner's right of redemption, in case of a sale of property forfeited to the State, by allowing him to make a redemption from the purchaser "the same as if the property had been sold at public sale." With regard to the contention that the owner is deprived of his property without a judgment and order of sale as required by section 4 of article IX of the constitution, we replied that the constitutional provision does not undertake to prescribe how the subsequent sale shall be made, and that "when the property has once been returned delinquent, duly advertised and an application for judgment made and judgment and order of sale entered by a court of record, the requirements of this section of the constitution are complied with. This was done in the present case and must be done in all cases before there can be a forfeiture of real property to the State for the nonpayment of taxes under our statutes."

It is evident from our reasoning in the *Ziccarelli* case that, contrary to the objector's arguments, the sale of for-

feited property is a sale "for nonpayment of taxes" and is made "pursuant to judgment and order of sale," within the meaning of the statute and the constitutional provision. The amendments to what is now section 266, made subsequent to the *Ziccarelli* decision, do not purport to effect any change in the type of sales prerequisite to the issuance of the tax deeds therein provided for, and afford no support for objector's position. As we pointed out in *Cherin v. The R. & C. Company*, 11 Ill.2d 447, "It was the purpose of the legislature to provide a method for obtaining merchantable tax titles." It has not been suggested how this purpose could be served by limiting the tax deeds therein provided to purchasers at the annual tax sale and thus placing in a less favorable position the purchasers of forfeited property. The language of section 266 is general or inclusive in nature and we see no reason why, in the absence of exclusion by express provisions or necessary implication, it should not apply to the latter as well as the former.

We have considered other points raised by the objector but find them to be without sufficient merit to warrant further discussion. No error has been shown, and the judgment of the county court is therefore affirmed.

*Judgment affirmed.*