MAX E. STEIN et al., d/b/a THORNTON, LTD., Plaintiffs-Appellants, v. SIDNEY R. OLSEN, Registrar of Titles, et al., Defendants-Appellees.

(No. 60001;

First District (4th Division)—February 26, 1975.

*Rehearing denied April 2, 1975.*

Hoffman & Davis, of Chicago (Sol. A. Hoffman, Edward J. Hladis, and Alvin L. Kruse, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Donald P. Smith, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This appeal results from a complaint having been filed by the plaintiffs-appellants (hereinafter Thornton) for a declaratory judgment seeking a declaration that a certificate of sale and tax deed, issued to Thornton, are presently valid and effective, in spite of the fact that the tax deed has not been registered in the register of titles as a memorial upon the Torrens certificate. The complaint, in addition, seeks injunction as well as other collateral relief, and in the alternative seeks damages against the County of Cook. The defendants-appellees (hereinafter County), Sidney R. Olsen, Registrar of Titles of Cook County, the County of Cook, and all parties having an interest in the subject real estate, filed their answer challenging the validity of the tax sale and the tax deed which was executed thereon. Thornton moved to strike certain portions of the defendants' answer on the grounds that the pleadings constituted a col-

lateral attack on the tax deed proceedings and filed a motion for summary judgment on the issue of liability. The trial court denied both motions on May 20, 1971. Then the County filed a motion for summary judgment and Thornton followed with a counter motion for summary judgment. The trial judge entered his order denying Thornton's motion and granting the County's motion for summary judgment. We affirm.

In this appeal, Thornton raises the following issues for review:

1. Did the entry of orders and judgment for the registrar of titles, based on the contention that the taxes had been paid and that a tax sale and subsequent tax deed were void, constitute an unlawful and prohibited collateral attack on the tax deed proceedings?

2. Did a payment of a sum of money prior to the tax sale constitute full satisfaction of a delinquent tax lien though it is undisputed that the statutory penalty for the period from the date of forfeiture to the date of payment was not paid?

In this case Thornton, a partnership, purchased the forfeiture on certain real estate, commonly described as 7325 Luella Avenue, Chicago, Illinois, for back taxes in the year 1930. After the payment of money in the amount of $830.50, a certificate of purchase, No. F 25959, was issued and delivered to Thornton, Ltd., by the collector of Cook County, Illinois, on December 12, 1966. There was no redemption or offer to redeem during the period between December 12, 1966, and December 26, 1968, the alleged period of redemption. Consequently, on January 14 and 15, 1969, in case No. 68 CO TD 924, the circuit court directed the county clerk to issue a tax deed conveying title to the property to Thornton, Ltd. Therefore, pursuant to the court's order, tax deed No. 14750 B, dated January 14, 1969, was issued to Thornton.

On February 21, 1969, Thornton presented the tax deed, together with a certified copy of the order of January 15, 1969, directing the issuance of the deed to the registrar of titles and demanded that a new owners' duplicate certificate of title be issued to Thornton, Ltd. This request was repeated by Thornton in a letter dated April 7, 1969. Then, on November 12, 1969, another written demand was made for the above requested action but refused. Finally, on December 11, 1969, a final request was made but refused by a letter dated December 18, 1969, wherein Thornton was advised that the registrar of titles would not accept the tax deed for registration.

Olsen's refusal to accept and file the tax deed followed a routine investigation which disclosed that the delinquent tax from the year 1930 had been paid. The registrar's actions were predicated on his interpretation of several documents. The payment was listed in the 1931 tax warrant books kept by the county clerk, volume 313, page 17. Furthermore,

the tax judgment, sale, redemption and forfeiture record for the year 1930 (volume 294, page 17), did not reflect entry of a judgment for which the property could properly have been sold. The investigation also revealed that the taxes due and owing for the depression years 1930, 1931, 1932, 1933, 1934 and 1935 were paid on March 30, 1936, and that the prevailing custom prior to 1932 was to add taxes due and owing for past years to the current year's tax bill for payment in one lump sum. The records disclosed that $189.45 was paid for the tax in the year 1930, and the amount paid was underlined in green ink. Although the county's record indicates that the 1930 tax was paid, no statutory penalties were paid.

The County contends that the tax deed transferring the property to Thornton was void, and the court had no jurisdiction to enter said order since it was divested of any jurisdiction in the cause by payment in 1936. Thornton, on the other hand, argues that the failure to pay the redemption amount in full, which is estimated to be $239.91, resulted in a tax liability for which the property could be validly sold. Therefore, the tax deed issued to them was valid and enforceable.

The record, in the instant case, discloses that the subject property was registered in the Torrens system of land registration, and was sold pursuant to section 272 of the Illinois Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, § 753). Section 272 of the Revenue Act prescribes the procedure to be followed when property forfeited to the state is redeemed by the owner or purchased by a tax purchaser. The sale of forfeited property, however, is a sale "for nonpayment of taxes." (*Keilty v. Chicago Real Estate Co.* (1962), 25 Ill.2d 581, 585, 185 N.E.2d 872.) The registrar concluded, after examining the 1931 tax warrant book and the tax judgment, sale, redemption and forfeiture record for the year 1930, that the 1930 tax was paid on March 30, 1936 together with taxes for the intervening years to 1936.

The county court's annual applications for judgment and order of sale is a special statutory proceeding created by the Revenue Act of 1939, as amended. The trial court functions pursuant to special statutory jurisdiction granted in the Revenue Act. (*La Salle National Bank v. Hoffman* (1971), 1 Ill.App.3d 470, 474, 274 N.E.2d 640.) In order for the court to invoke its special statutory jurisdiction, the taxes on the subject property must be delinquent. Section 270 of the Revenue Act incorporates this requirement and provides as follows:

"* * * [T]he judgment itself is conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or special assessments have been paid or the real estate was exempt from general taxes under this Act or was

not subject to special assessments: * * *." (Ill. Rev. Stat. 1969, ch. 120, § 270.)

This provision of the statute refers to judgments which the court had jurisdiction to render. The court can invoke its jurisdiction when a tax on property is delinquent or unpaid, but neither of the conditions precedent to jurisdiction was applicable in 1969. Our findings revealed that the 1930 tax was paid in 1936. Consequently, the court in this case did not have jurisdiction over the property.

■■ In *People v. Miller* (1930), 339 Ill. 573, 171 N.E. 672, our Supreme Court, when considering the question of judgments issued by courts with no jurisdiction, states at pages 578-79:

> "Every judgment of a court rendered without jurisdiction is a nullity—not merely voidable but void—and may be disregarded. It is subject to attack by any person at any time in any court and in any proceeding in which it is brought in question."

In the instant case the appellants question the propriety of collaterally attacking a tax deed. In *Farlow v. Oliver* (1963), 29 Ill.2d 493, 194 N.E.2d 262, a case where a tax deed was collaterally attacked, the supreme court answers this question. The court states at page 499:

> "By its enactment of section 266 of the Revenue Act, the legislature intended to render tax titles incontestable except by direct attack, unless the circumstances are such as to warrant the application of section 72 of the Civil Practice Act, or unless the order directing the issuance of deed was utterly void. [Citations.] An order is rendered void, not by reason of mere error or impropriety, but by lack of jurisdiction by the issuing court of either the subject matter or the necessary parties, * * *."

*Farlow* has been followed by recent decisions handed down in this court. (*In re Application of County Collector* (1972), 7 Ill.App.3d 124, 287 N.E.2d 81; *Landis v. Miles Homes, Inc.* (1971), 1 Ill.App.3d 331, 273 N.E.2d 153.) When the 1930 tax was paid in 1936, the circuit court was divested of jurisdiction over the subject matter, the property in issue in this lawsuit. With no jurisdiction, the judgment rendered by the court was void. Therefore, the registrar of titles was not compelled to register the tax deed as a memorial upon the Torrens certificate.

Next, Thornton contends that payment of an amount to the county clerk that did not fully amortize the delinquent tax debt will not void the sale of the forfeiture to the tax purchaser. Section 272 of the Revenue Act commands that the county collector receive from the tax purchaser the total amount of all taxes, statutory costs, interest prior to forfeiture, printers' fees and forfeiture interest. However, in *Skach v. Sykora* (1955), 6 Ill.2d 215, 127 N.E.2d 453, the supreme court pronounced, at page 224,

the following exception to the general rule that all statutory interest, penalties, and costs must be paid before a redemption is valid:

> "The general rule of construction is that, redemptions being statutory privileges, they must be made in substantial compliance with the statute, but, since the law favors redemptions, unless injury results to the purchaser at the sale, a liberal construction favoring redemptions will be given such statutes."

*Sykora* follows *Gage v. Scales* (1881), 100 Ill. 218, an earlier decision of the supreme court. In *Scales*, a landowner attempting to redeem his land from a tax sale asked the county clerk for the amount necessary to redeem and upon the clerk's statement, paid that amount. It was subsequently discovered that the clerk had made a mistake in computing the amount. The court held this to be a valid redemption and states at page 224:

> "It is true that appellees, on making the redemption, did not comply strictly with the requirement of the statute, as they failed to pay to the clerk a subsequent tax which had been paid by appellant while he held the tax certificate. But the report of the master, which is fully sustained by the evidence in the record, shows that appellees called upon the county clerk, whose duty it was to inform them of the amount necessary to be paid to make the redemption, and whose duty it was to receive the money, and that the full amount which this officer required was paid, and upon the receipt of the money he issued a certificate of redemption, which was delivered to appellees. Here was a mistake of an officer for which appellees were in no manner responsible. For this mistake shall they lose their land, or is it within the power of a court of equity to relieve as against that mistake, and thus protect appellees in the title to their land?"

In both *Sykora* and *Scales*, as in the case under review, the tax was paid to the proper officer, but there was a mistake by the officer in computing the amount of the tax for which the defendants are not responsible. Furthermore, in the instant case, the mistake occurred some 30 years prior to this lawsuit.

■■ Cooley's work on Taxation provides another reason for attempting the trial court's action. In *Scales*, the supreme court quotes Cooley and states at page 224:

> " 'Although redemption is a statutory right, yet a party attempting in good faith to make it, may be relieved against the mistakes or frauds of the officer or of the purchaser. If he has attempted to redeem, and done all he was required to do by those entitled to receive the money, the sale is discharged, even though in conse-

quence of the mistake of the officer he has paid less than the proper amount.'"

In cases such as this the doctrine of caveat emptor is applicable and a tax purchaser buys at his own risk. (*People v. Mortenson* (1949), 404 Ill. 107, 116, 88 N.E.2d 35.) Since redemptions are favored and no injury will result to the tax purchaser in this case, a liberal construction favoring redemption will be given the statute. With *Skach* and *Scales* in mind, we feel this is an appropriate case to sustain the actions of the registrar, and deny the appellants the relief requested against the mistake of the public official.

The judgment of the circuit court is affirmed.

Affirmed.

DIERINGER, P. J., and BURMAN, J., concur.