JUSTICE MEJDA delivered the opinion of the court: Defendants, various officials charged with collecting real property taxes in Cook County, appeal from the judgment of the circuit court which found that certain real property owned by plaintiff, the Antioch Missionary Baptist Church, qualified for the exemption from tax provided by section 19.2 of the Revenue Act of 1939 (111. Rev. Stat. 1981, ch. 120, par. 500.2) “for the period commencing May 11, 1976 through December 31, 1980, inclusive.” The sole issue for review is whether the trial court erred in so finding. For the reasons which follow, we reverse the judgment of the circuit court. The evidence considered by the trial court consisted entirely of documents; no trial testimony was presented. Accordingly, our review is not limited by the usual manifest weight of the evidence standard, but extends to an “independent decision on the facts.” (Delasky v. Village of Hinsdale (1982), 109 Ill. App. 3d 976, 980, 441 N.E.2d 367.) Plaintiff’s pastor, the Reverend Wilbur Daniel, testified in his evidence deposition that the property in question was acquired by the plaintiff on May 11, 1976. Plaintiff’s church property abuts the purchased property. Plaintiff kept the property boarded up for about a year. Plaintiff later applied to the city of Chicago for funds to rehabilitate the property. This process took about two more years. In 1980, a contractor began work and finished in the spring of 1981. During this entire time the property was vacant. The property is now utilized as a senior citizens’ housing center. Section 19.2 of the Revenue Act of 1939 provides an exemption for property “used exclusively for religious purposes ***.” (Ill. Rev. Stat. 1981, ch. 120, par. 500.2.) “[A] statute which exempts property from taxation should be strictly construed in favor of taxation and *** a party claiming an exemption has the burden to prove clearly and conclusively that he is entitled to the exemption. [Citation.] In determining whether an exemption is applicable, every presumption is against the intention of the State to exempt property from taxation.” (Telco Leasing, Inc. v. Allphin (1976), 63 Ill. 2d 305, 310, 347 N.E.2d 729.) The supreme court has interpreted the phrase “used exclusively” in a similar and related context in Skil Corp. v. Korzen (1965), 32 Ill. 2d 249, 204 N.E.2d 738. In that case the court held that “evidence that land was acquired for an exempt purpose does not eliminate the need for proof of actual use for that purpose. Intention to use is not the equivalent of use.” (32 Ill. 2d 249, 252, 204 N.E.2d 738; see also Illinois Institute v. Skinner (1971), 49 Ill. 2d 59, 64, 273 N.E.2d 371, and cases cited therein.) In the instant case, the only evidence concerning the use of the property indicated that it was not used for any purpose but in fact was boarded up and vacant between 1976 and 1980. Accordingly, plaintiff failed to meet its burden of showing that the property was actually used for an exempt purpose during those years. We therefore must reverse the judgment of the trial court. Reversed. WILSON, P.J., and SULLIVAN, J., concur.