*In re* APPLICATION OF COOK COUNTY TREASURER AND EX-OFFI-CIO COUNTY COLLECTOR (Cook County Collector, Petitioner-Appellee, v. Aba General Contractors and Businesses, Inc., Respondent-Appellant).

First District (5th Division)    No. 84—2044

Opinion filed July 26, 1985.—Rehearing denied September 17, 1985.

Richard L. Hoffman, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Henry A. Hauser, Deputy State's Attorney, and Susan Condon and Daniel Cannon, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE SULLIVAN delivered the opinion of the court:

This appeal is from an order of the trial court vacating its prior order confirming the sale of certain property in a proceeding for delinquent taxes (scavenger sale) brought pursuant to section 235a of the Revenue Act of 1939 (the Act) (Ill. Rev. Stat. 1979, ch. 120, par. 716a).

Due to its unusual nature, a chronological review of the history of this litigation is necessary for an understanding of the issues presented on appeal. On June 15, 1982, in an action filed by the Antioch Missionary Baptist Church (church), circuit court Judge George A. Higgins entered an order (a) finding that certain property owned by the church was exempt from taxation between May 11, 1976, and December 31, 1980, and that the lien for real estate taxes for that period was null and void, and (b) permanently enjoining Cook County officials from obtaining a tax judgment against the property and from collecting or attempting to collect taxes on it for those years.

Notwithstanding that injunctive order, and during the pendency of his appeal therefrom, petitioner, the Cook County Collector (collector) filed an application for judgment and an order of sale against the church property in accordance with the provisions of section 235a of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 716a). On May 6, 1983, circuit court Judge Joseph Schneider (the trial court) entered judgment against the property and ordered its sale. Pursuant thereto, the property was sold, at a public sale held on June 9, 1983, to Aba General Contractors and Businesses, Inc. (Aba), for $15,525. On June 22, 1983, upon presentation by the collector of a report of sale and a request for confirmation thereof, the trial court entered an order confirming the sale[1] and directing the county clerk to issue a certificate of sale to Aba therefor and to make note of the sale in the collector's warrant book and in the tax judgment, sale, redemption and forfeiture record.[2]

Thereafter, on December 2, 1983, in the appeal from the injunction issued in 1982 by Judge Higgins, this court determined that the evidence presented by the church failed to establish that the property had been used for exempt church purposes between 1976 and 1980 and, accordingly, reversed the order enjoining the collector from seeking a tax judgment against it or from collecting the unpaid taxes for that period. (*Antioch Missionary Baptist Church v. Rosewell* (1983), 119 Ill. App. 3d 981, 457 N.E.2d 500.) On December 21, 1983, the collector filed a motion in the trial court to vacate the order of confirmation of sale on the basis of Judge Higgins' prior finding that the property was exempt from taxation for the years in question. In its response thereto, Aba argued that due to the passage of more than 30 days from entry of the order and because the motion did not meet the requirements of section 2—1401 (relief from judgments) of the Code of Civil Procedure (the Code) (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), the court no longer had jurisdiction to vacate it. Aba also informed the trial court of the appellate reversal of Judge Higgins' order. On March 22, 1984, the trial court denied the collector's motion to vacate the order confirming the sale, but on July 18, 1984, after reconsideration of it and the collector's argument that because the injunction was in full force and effect at the time of the application for judgment the sale of the property was improper, the court granted

[1]The church did not appeal from the orders of sale or confirmation thereof, nor is it a party to this appeal.

[2]In its brief, Aba maintains, and the collector does not dispute, that notation of the sale was not made as per the directive of the trial court, in the public tax records.

the motion to vacate its order of confirmation of sale,[3] finding that it had no jurisdiction to enter it. This appeal followed.

OPINION

Although Aba presents numerous arguments in support of its contention that the collector's motion to vacate the order of confirmation of sale was erroneously granted, we believe that the determinative question in this appeal is whether or not the trial court was correct in ruling that it lacked jurisdiction to enter it in the first instance. The collector's position is that because the trial court's jurisdiction in a scavenger sale proceeding is purely statutory, in order to be invoked the taxes on the property must be delinquent. Citing *Stein v. Olsen* (1975), 26 Ill. App. 3d 858, 326 N.E.2d 176, and *In re Application of County Collector* (1977), 48 Ill. App. 3d 572, 362 N.E.2d 1335, he syllogizes that because the property in question had been declared exempt and an order had been entered enjoining him from collecting taxes on it or seeking a judgment and order of sale against it the court lacked *in rem* jurisdiction of the subject matter and that the orders of sale and confirmation of sale were, therefore, void. We disagree.

■■ ■ While it is true that the trial court in a scavenger sale proceeding functions pursuant to the special statutory jurisdiction granted it by the Act (*La Salle National Bank v. Hoffman* (1971), 1 Ill. App. 3d 470, 274 N.E.2d 640), it is also well-settled that the court acquires *in rem* jurisdiction of the property and subject matter upon application by the collector for judgment and order of sale (*Vulcan Materials Co. v. Bee Construction* (1983), 96 Ill. 2d 159, 449 N.E.2d 812; *Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 344 N.E.2d 468; *First Lien Co. v. Markle* (1964), 31 Ill. 2d 431, 202 N.E.2d 26; *Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294; *Large v. Lyons* (1975), 31 Ill. App. 3d 1076, 335 N.E.2d 524), made in accordance with the provisions of the Act which require, *inter alia*, that the collector prepare a list (Ill. Rev. Stat. 1979, ch. 120, par. 713) and publish an advertisement giving notice of the intended application for judgment and sale of all tracts of land upon which all or part of the general taxes for each of five or more years are delinquent as of the date of the advertisement (Ill. Rev. Stat. 1979, ch. 120, par. 716a); and that on the day on which judgment against the lands is sought he,

---

[3]Parenthetically, we note that although not discussed by the parties, the collector's motion did not seek, nor did the trial court order, vacatur of the order of sale. Thus it would appear that that order remains in effect.

with the assistance of the county clerk, make necessary corrections in the list and then subscribe an affidavit that it is a true and correct list of the delinquent lands upon which he has been unable to collect taxes and that they remain due and unpaid (Ill. Rev. Stat. 1979, ch. 120, par. 715). Inasmuch as the report of sale recites that these procedural requisites were performed, under the previously cited authorities, the court then had jurisdiction of the property and the power to enter judgment against it pursuant to section 235a of the Act which provides that, "the Court shall give judgment for such general taxes, special taxes, special assessments, interest, penalties and costs as are included in the advertisement and *appear* to be due thereon \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 120, par. 716a.

We are not persuaded otherwise by the cases cited by the collector, both of which we find to be factually distinguishable from the case at bar. In *Stein v. Olsen* (1975), 26 Ill. App. 3d 858, 326 N.E.2d 176, petitioner sought a declaration of the validity of a certificate of sale and a subsequently issued tax deed on property on which, public records revealed, the delinquent taxes had been paid more than 30 years earlier, albeit six years after they became due. Noting that under section 270 of the Act, which provides that "[a]ny order for the sale of real estate for delinquent taxes \*\*\* shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such order, and could have been presented as a defense to the application for such order in the court wherein the same was rendered, and as to all such questions, the order itself is conclusive evidence of its regularity and validity in all collateral proceedings, *except* in cases where the tax \*\*\* ha[s] been paid or the real estate was exempt from general taxes *under this Act*" (emphasis added) (Ill. Rev. Stat. 1979, ch. 120, par. 751), the *Stein* court held that the trial court in that case was divested of jurisdiction of the property at the time the delinquent taxes were paid and that the order directing issuance of a tax deed conveying title to the tax purchaser was, therefore, void and subject to attack at any time.

Similarly, *In re Application of County Collector* (1977), 48 Ill. App. 3d 572, 362 N.E.2d 1335, involved the validity of a tax deed for property which, prior to the scavenger sale, had been acquired by the county in a formal condemnation proceeding for use in the construction of a public highway. On the basis of its findings that equitable title had passed to the county upon deposit of the condemnation award—despite its failure to register that document on the Torrens certificate—and that the property met the requirements of section

19.9a of the Act, allowing an exemption from taxes for lands "purchased by a governmental body *** pursuant to statutory authority and used exclusively for the public purposes of the governmental body" (Ill. Rev. Stat. 1979, ch. 120, par. 500.9a), the court held that the taxes were not delinquent and, citing *Stein v. Olsen,* that the trial court therefore lacked jurisdiction to enter judgment against the property.

Unlike those two cases, we do not believe that the facts before us bring this case within the exceptions to the rule in section 270 protecting tax judgments and orders of sale from collateral attack where the basis for the attack existed and could have been raised as an objection prior to the rendition of judgment, since there is no dispute here that the taxes for 1976 through 1980 were not paid—as were the taxes in *Stein;* nor, as the collector maintained throughout the course of this litigation, did the property in fact meet the requirements for a tax exemption—as did the land at issue in *In re Application of County Collector* under section 19.2 of the Act (Ill. Rev. Stat. 1979, ch. 120, par. 500.2), which grants tax-exempt status to property used exclusively for religious purposes (*Antioch Missionary Baptist Church v. Rosewell* (1983), 119 Ill. App. 3d 981, 457 N.E.2d 500), despite Judge Higgins' finding to the contrary.

Rather, in our view, the situation here more closely resembles those in *First Lien Co. v. Markle* (1964), 31 Ill. 2d 431, 202 N.E.2d 26, and *Large v. Lyons* (1975), 31 Ill. App. 3d 1076, 335 N.E.2d 524. In *Markle,* the holder of a certificate of sale petitioned for a tax deed following the expiration of the redemption period on property it purchased at a scavenger sale. Defendants—owners of the delinquent land—argued that petitioner was not entitled to a tax deed because the judgment for the sale of the land was based on a void assessment arising from the assessor's erroneous belief that a second building had been constructed thereon. The trial court denied the petition and ordered the purchase money returned to petitioner. In a direct appeal, the supreme court first noted that the assessment was improper and that any objection to the application for judgment—had one been raised—should have been allowed. The court observed, however, that no such objection was made prior to judgment nor was an appeal taken or a section 2—1401 petition for relief from judgment filed therefrom, and held that since the trial court acquired jurisdiction of the property upon application of judgment by the collector, its determination concerning the validity of the assessment, no matter how erroneous, was conclusive upon the parties after 30 days from entry of its order.

Similarly, *Large v. Lyons* (1975), 31 Ill. App. 3d 1076, 335 N.E.2d 524, was an appeal from an order of the trial court nullifying a tax deed on the ground that the property was, at the time of judgment, exempt from taxation by virtue of a prior common law dedication of it for use as a public park, and that the order directing issuance of a deed to the tax purchaser was void. In reversing that order, the appellate court held that no valid dedication had taken place but that *even if* one had, it would not have rendered the order for a tax deed void, because once the trial court acquired jurisdiction of the property by application of the collector for judgment and sale, it retained jurisdiction to enter the order for issuance of a deed following such sale.

■■ Although there is no question that the collector's application for judgment and order of sale against the property in this case was made in violation of the prior injunctive order and that the existence of that order could have been raised as an affirmative defense before judgment or as the basis for a motion to vacate the orders of sale and confirmation of sale within 30 days of their entry, or a section 2—1401 petition prior to our reversal of it, under the reasoning in *Markle* and *Lyons*, the trial court nevertheless acquired jurisdiction of the property upon the collector's application for judgment against it in accordance with the procedural requirements of the Act; and—as we have already stated—therefore had the power to enter the subsequent order confirming its sale. Further, since no appeal was taken therefrom and because the order finding the property to be exempt and enjoining the collector from seeking a tax judgment against it was reversed approximately three weeks prior to the filing by the collector of his motion to vacate the order of confirmation of sale, we find no basis for the motion and, consequently, reverse the trial court's order granting it.

■■ Moreover, even assuming *arguendo* that under the authorities cited by the collector the trial court lacked jurisdiction of the property, it is well settled both in statutory and decisional law—including *In re Application of County Collector,* the very case on which the collector relies—that where the rights of an innocent good-faith purchaser not a party to the original action have attached, a judgment cannot be attacked, even for jurisdictional defects if, as here, those defects do not appear on the face of the record. Ill. Rev. Stat. 1981, ch. 110, par. 2—1401(e); *First Lien Co. v. Markle* (1964), 31 Ill. 2d 431, 202 N.E.2d 26; *Southmoor Bank & Trust Co. v. Willis* (1958), 15 Ill. 2d 388, 155 N.E.2d 308; *Janove v. Bacon* (1955), 6 Ill. 2d 245, 128 N.E.2d 706; *Greenwald v. McCarthy* (1948), 402 Ill. 135,

83 N.E.2d 491; *Nugent v. Toman* (1939), 372 Ill. 170, 23 N.E.2d 43; *In re Application of County Collector* (1977), 48 Ill. App. 3d 572, 362 N.E.2d 1335; *Large v. Lyons* (1975), 31 Ill. App. 3d 1076, 335 N.E.2d 524.

The collector argues, however, that (a) this issue was improperly raised for the first time in Aba's reply brief on appeal and, thus, should not be considered, and (b) in any event, Aba does not qualify as a *bona fide* purchaser under the general rule because a certificate of sale in a scavenger sale proceeding conveys neither legal nor equitable title to the land (*Schwartz v. City of Chicago* (1974), 21 Ill. App. 3d 84, 315 N.E.2d 215; *City of Chicago v. City Realty Exchange, Inc.* (1970), 127 Ill. App. 2d 185, 262 N.E.2d 230) and therefore constitutes a mere expectancy to purchase the land upon expiration of the redemption period.

■ With respect to the collector's motion to strike the portions of Aba's reply brief addressing the law relating to *bona fide* purchasers, we note that in its opening brief argument concerning the equitable doctrine of unclean hands Aba did, in fact, point out that it was "an innocent third party purchaser for value." Moreover, the language of Supreme Court Rule 341(e)(7) (87 Ill. 2d R. 341(e)(7)), referring to waiver of points not raised in the original brief does not apply to defeat contentions made by the appellant for the first time in his reply brief where those contentions serve to rebut arguments advanced by the appellee in his brief. (*Rome v. Commonwealth Edison Co.* (1980), 81 Ill. App. 3d 776, 401 N.E.2d 1032.) Here, the issue of the rights of a *bona fide* purchaser was argued in response to the collector's assertion that the order of the trial court confirming the sale was void for want of jurisdiction. Thus, the collector's motion to strike the reply brief arguments on the issue of *bona fide* purchasers, which we have taken with this case, is denied.

■ As to the collector's alternative argument that the general rule affording protection to *bona fide* purchasers in collateral proceedings attacking the jurisdiction of the court does not apply to a holder of a certificate of sale in a tax judgment proceeding, we believe that the legislature's intent to include such tax purchasers in that rule is evident from the language of section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401(e)), which provides:

> "Unless lack of jurisdiction affirmatively appears from the record proper, the vacation or modification of an order or judgment pursuant to the provisions of this Section does not *** affect any right of any person not a party to the original

action under any certificate of sale issued before the filing of the petition, pursuant to a sale based on the order or judgment."

In addition, the supreme court has held that "liens, including those authorized solely by statute, as well as the rights acquired by the purchasers at statutory tax sales, have been considered to be sufficiently substantial so as to fall within the concept of 'property' ***." (*Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 193 N.E.2d 844; see also *In re Application of County Treasurer* (1973), 14 Ill. App. 3d 1062, 304 N.E.2d 9 (certificate of purchase constitutes vested property right)); and in its Rule 305(i) (87 Ill. 2d R. 305(i)), relating to the effect on interests in property of a failure to obtain a stay of judgment pending appeal, has adopted near identical language as that in section 2—1401(e) of the Code relating to post-judgment relief. Rule 305(i) provides:

"If a stay is not perfected within 30 days of the entry of the judgment appealed from, or within any extension of time granted under *** this rule, the reversal or modification of the judgment does not affect *** any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed." 87 Ill. 2d R. 305.

Thus, we find no merit in the collector's argument that Aba is not entitled to the protections afforded other *bona fide* purchasers from collateral attacks on judgment affecting property rights.

For the reasons stated, the order of the trial court vacating its prior order confirming the sale of the property at issue is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

LORENZ and PINCHAM, JJ., concur.