OUR SAVIOR LUTHERAN CHURCH, Plaintiff-Appellee, v. THE DEPARTMENT OF REVENUE, Defendant-Appellant.

Fifth District No. 5—90—0081

Opinion filed October 31, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellant.

John Womick and Randall J. Rodewald, both of Carbondale, for appellee.

JUSTICE WELCH delivered the opinion of the court:
The Department of Revenue of the State of Illinois (hereinafter Department) appeals from a judgment entered January 4, 1990, by the circuit court of Jackson County reversing the decision of the Department to deny a real property tax exemption to that portion of the property of Our Savior Lutheran Church (hereinafter Church) consisting of a parsonage and carport. We affirm.

Our Savior Lutheran Church owns a certain parcel of real property on which is located a single building consisting of a church, an office and a parsonage. This building was constructed as a single building. The church portion of the building and the parsonage portion of the building are connected by the office. Located adjacent to the parsonage portion of the building, but not attached thereto, is a carport.

In 1985, Church agreed to merge its operation with the campus ministry of Southern Illinois University at Carbondale. The timing of this merger coincided with the retirement of the Church's pastor, Reverend Rist. Accordingly, on June 1, 1985, the Church property was offered for sale and Church activities were thereafter conducted at the campus location. The Church property was sold on July 15, 1986.

During the period June 1, 1985, through July 15, 1986, the church and office portions of the building were used for storage of Church property and paraphernalia, including Church records, pews, hymnals, an altar, a cross, the Church pipe organ and other furnishings. Occasional bake sales and flea markets were held in the church portion of the building, and the choir sang there one time for a demonstration. The church portion was also used for the storage of clothing and other materials prior to shipment to missionary sites.

The parsonage portion of the building was also used to store a few items such as records and chairs. However, no one actually resided in the parsonage portion of the building during the relevant time period. No evidence was adduced as to the use of the carport during the relevant time period.

■■ The Department denied Church's request for a property tax exemption for the year 1986 because it found that the property was not in exempt use. Church requested a formal administrative hearing, at which the evidence set forth above was presented. Following the hearing, the administrative law judge issued a recommended disposition finding that the church and office portions of the property were exempt from taxation as they were used primarily for religious purposes, *i.e.,* the storage of church personal property and records, but that the parsonage portion of the building and the carport did not qualify for the exemption because they were essentially vacant and unused. In reaching his decision, the administrative law judge relied on *Antioch Missionary Baptist Church v. Rosewell* (1983), 119 Ill. App. 3d 981, 457 N.E.2d 500, which held that property owned by a church, but left vacant and never used by the

church for any purpose, did not qualify for the tax exemption for property used exclusively for religious purposes.

On April 13, 1988, Church filed a complaint for administrative review pursuant to the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—110). On January 4, 1990, the circuit court of Jackson County issued its judgment reversing the decision of the administrative law judge. The court found that the property, taken as a whole, was used exclusively for religious purposes and therefore was exempt from taxation. The court pointed out that the property consisted of a single building and that the parsonage portion of the building was not used for a nonreligious purpose during the time the pastor did not reside there. The court distinguished the case relied on by the administrative law judge, *Antioch Missionary Baptist Church*, on its facts. The court pointed out that in *Antioch* the property had never been used for any religious purpose, while in the instant case, the property was used for religious purposes for approximately 40 years.

■■ ■ Because the facts are not in dispute, our function, as a court of review, is not to determine if the court's findings are against the manifest weight of the evidence, but to determine whether the property is exempt as matter of law. (*Cook County Masonic Temple Association v. Department of Revenue* (1982), 104 Ill. App. 3d 658, 660, 432 N.E.2d 1240, 1242.) The law provides a tax exemption for

> "[a]ll property used exclusively for religious purposes *** and not leased or otherwise used with a view to profit, including all such property owned by churches or religious institutions or denominations and used in conjunction therewith as parsonages or other housing facilities provided for ministers *** performing the duties of their vocation as ministers at such churches or religious institutions ***.
>
> A parsonage, convent or monastery shall be considered for purposes of this Section to be exclusively used for religious purposes when the church, religious institution, or denomination requires that the above listed persons who perform religious related activities shall, as a condition of their employment or association, reside in such parsonage, convent or monastery." Ill. Rev. Stat. 1985, ch. 120, par. 500.2.

The Department does not dispute that, prior to June 1, 1985, when Reverend Rist vacated the parsonage, that portion of the building was properly exempt from taxation under the above provision. However, relying on *Antioch Missionary Baptist Church*, the

Department argues that once the parsonage portion of the building was no longer used as a residence, but became vacant, it was no longer being used "exclusively for religious purposes." The Department further argues that the Church property need not be considered "as a whole," but that where a single parcel of real property is used for two distinct purposes, one exempt and the other not, that portion of the property used for an exempt purpose may be exempt from taxation, while the other portion is taxed.

We do not agree with the Department's interpretation of *Antioch,* nor do we agree that the Church property can reasonably be divided according to use for tax purposes. Like the trial court, we find *Antioch* to be distinguishable on its facts. We also find those cases relied upon by the Department as authority for its argument that the Church property should be divided by use to be distinguishable on their facts. We therefore affirm the judgment of the circuit court of Jackson County.

In *Antioch Missionary Baptist Church v. Rosewell* (1983), 119 Ill. App. 3d 981, 457 N.E.2d 500, the church had acquired a parcel of real estate in 1976. This parcel of real estate abutted the property on which the church was located. The building on the purchased property was kept boarded up until 1980 when the church began rehabilitating the building. This work was completed in 1981. During this entire time the property was vacant and unused. In 1981, the building was turned into a senior citizens housing center. The Department denied the church a tax exemption for this parcel of property. The appellate court reversed the judgment of the circuit court which found that the property was exempt from taxation. In its opinion, the appellate court found that the only evidence concerning the use of the property indicated that it was not used for any purpose, but was boarded up and vacant from the date of purchase in 1976 until 1980. The court pointed out that evidence that the land was acquired for an exempt purpose does not eliminate the need for proof of actual use for that purpose. The court held that the church had failed to meet its burden of showing that the property was actually used for an exempt purpose.

■ In *Antioch,* the property was never used by the church for an exempt purpose. In fact, between 1976 and 1981, the property was not used by the church for any purpose. However, in the instant case, the property in question had been in actual use for an exempt purpose for approximately 40 years. A portion of the building then became, according to the Department, temporarily vacant and unused. While we agree with the Department that an exempt

status in one year does not guarantee an exempt status in subsequent years when the use of the property changes (*Fairview Haven v. Department of Revenue* (1987), 153 Ill. App. 3d 763, 775, 506 N.E.2d 341, 349), we do not think that the use of the parsonage portion of the building changed in 1986 to the extent that it was no longer used exclusively for religious purposes. The church property consisted of one building, of which the parsonage portion was a part. The parsonage portion was never used for commercial purposes, or for any purpose other than as a residence for the pastor and storage of a few church items. Nor was it kept vacant and unused for an extended period. We do not think this situation is analogous to the situation in *Antioch*.

This brings us to the second part of the Department's argument. The Department argues that where, as here, a portion of the property is used for an exempt purpose and a portion is not, that property may be divided and the nonexempt portion taxed. The Department is correct that numerous cases have so held. However, those cases are distinguishable from the instant one. For example, in *People ex rel. Kelly v. Avery Coonley School* (1957), 12 Ill. 2d 113, 145 N.E.2d 80, relied upon by the Department, a school owned a 10-acre parcel of real estate on which were located two buildings used for housing for the headmistress, the caretaker and unmarried teachers. The Department denied an exemption for the two buildings. The appellate court affirmed the finding of the circuit court that the two buildings were not exempt from taxation, finding that the primary use of these two parcels of real estate was for residential and not for educational purposes. Thus, the court held that a portion of the 10-acre parcel was exempt while a portion was not. We think that case is distinguishable from the one at bar because, in that case, the nonexempt parcel was in fact used for a nonexempt purpose, while in the case at bar, there is no evidence that the parsonage portion of the building was ever used for any nonexempt purpose, although it was, according to the Department, temporarily not used for any purpose.

The case of *First Methodist Episcopal Church v. City of Chicago* (1861), 26 Ill. 482, relied upon by the Department, is also clearly distinguishable from the instant case. In *First Methodist*, a building consisting of four stories was erected on a lot owned by a church. The lower two stories were leased and occupied for commercial purposes; the upper two stories were used exclusively for the religious purposes of the church. The building was divided according to use for tax purposes: the lower two stories were held

taxable; the upper two stories were held exempt. Clearly, where a portion of church property is leased out and used for commercial purposes that portion is not fulfilling an exclusively religious purpose and should be taxed. However, in the instant case, the parsonage portion of the building was not being used for a commercial purpose, or, according to the Department, for any purpose at all.

In *City of Mattoon v. Graham* (1944), 386 Ill. 180, 53 N.E.2d 955, 3% of municipally owned property was used to provide water to the municipality, while 97% was leased for farming on a cropshare basis. The portion used to provide water was held exempt; the portion leased for farming was held taxable. This case is distinguishable from the instant one for the same reason as is *First Methodist*.

Finally, in *Illinois Institute of Technology v. Skinner* (1971), 49 Ill. 2d 59, 273 N.E.2d 371, the school owned a 107-acre tract of real estate on which were located six major buildings. The circuit court found 67 acres, including the buildings, to be exempt from taxation, but denied the exemption as to the other 40 acres. The nonexempt 40 acres had never been developed by the school and were not being used for any purpose. The school argued that the entire tract was one unit which should not have been divided according to use. The court disagreed, finding ample authority for division and partial exemption. Again, we find that case to be distinguishable from the one at bar. The property in that case was a large parcel, a portion of which had never been developed or used by the school. In the case at bar, the nonexempt property was a portion of a single church building which, although temporarily vacant, had been used for 40 years for exclusively religious purposes. We do not think the two cases are analogous.

■ We do not think that mere temporary vacancy or lack of use of a portion of an otherwise exempt parcel of property renders that portion taxable. To hold that when a portion of a building otherwise used for an exempt purpose becomes temporarily vacant or unused it loses its exempt status is nonsensical and impractical of application. Nor do we think it is practical to divide this parcel of property, consisting of a single building, on the basis of temporary vacancy of a portion of it. We find that the parsonage and carport portions of the Church property continued to be used exclusively for religious purposes as that term is defined in *McKenzie v. Johnson* (1983), 98 Ill. 2d 87, 98, 456 N.E.2d 73, 78, even after they had been vacated by the pastor.

■ While tax exemption statutes are to be strictly construed in

favor of taxation (*Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 331, 533 N.E.2d 1072, 1074), they are not to be unreasonably construed. A decision based upon an erroneous, arbitrary or unreasonable construction of a statute cannot stand. *Harrisburg-Raleigh Airport*, 126 Ill. 2d at 331, 533 N.E.2d at 1074.

 Under the facts of this case, where the property consists of a single building which has been used for an exempt purpose for 40 years, but of which a portion becomes temporarily vacant due to the retirement of the church's pastor but is not used for a nonexempt purpose, we find denial of the tax exemption for that portion to be unreasonable and improper as a matter of law. We therefore affirm the judgment of the circuit court of Jackson County reversing the decision of the Department.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Affirmed.

CHAPMAN and GOLDENHERSH, JJ., concur.